Pamela S. STALEY, Appellant,

v.

James G. HERBLIN, individually and as Trustee of Heritable Trust Assignee of Charis Interests, and Thomas Staley, individually, Appellees.

No. 05–05–00244–CV.

Court of Appeals of Texas,
Dallas.

Feb. 23, 2006.

Rehearing Overruled April 18, 2006.

Neal E. Young, Mary D. McKnight, Law Office of Mary D. McKnight, Dallas, for appellant.

John Holman Barr, M. Forest Nelson, Burt Barr & Associates, L.L.P., Dallas, for appellees.

Before Justices MORRIS, WHITTINGTON, and BRIDGES.

## OPINION

Opinion by Justice BRIDGES.

Pamela S. Staley appeals the trial court's order granting a motion to enforce a rule 11 agreement filed by James G. Herblin, as trustee of Heritable Trust Assignee of Charis Interests (the Trust). In her first issue, Staley argues the evidence does not support the trial judge's findings of fact and conclusions of law that there was an agreement sufficient to satisfy the requirements of Texas Rule of Civil Procedure 11. We agree and conclude the trial judge erred in ordering enforcement of a settlement agreement where fact issues exist regarding the terms of any agreement and one party had withdrawn consent prior to entry of the trial judge's order. We reverse the trial court's order granting the motion to enforce rule 11 agreement and remand for further proceedings consistent with this opinion.

This appeal involves issues arising from a divorce between Pamela Staley and Thomas Staley. The Staleys concluded their divorce in May 2002 with the entry of a divorce decree that referenced a compromise settlement agreement. The compromise settlement agreement required Pamela Staley and four trustees to perform certain obligations with respect to division of the parties' assets and the support of the Staleys' children. These four trustees represented entities to which Thomas Staley had transferred substantially all of the community property as well as separate property of the parties. At some later point in time, the four trustees transferred their interests to the Trust.

The underlying action began with the Trust's petition for declaratory relief, specific performance, and breach of contract claim filed against Pamela Staley. The Trust subsequently filed a motion to enforce settlement seeking to enforce a rule 11 agreement to which Staley purportedly agreed. In its motion to enforce, the Trust argued that a series of communications and documents transmitted between the attorneys involved in the case, as well as Pamela Staley, amounted to a settlement agreement that was enforceable under rule 11. *See* Tex.R. Civ. P. 11. Staley responded by arguing that the communications and documents merely constituted offers and counter-offers. The evidence introduced at the hearing showed that the parties engaged in protracted settlement discussions involving numerous letters between the attorneys, oral communications, and proposed settlement documents that were never signed. Finally, Staley argues that she withdrew her consent to any settlement agreement prior to the entry of the trial judge's order enforcing the agreement.

The trial judge conducted a hearing on the Trust's motion to enforce rule 11 agreement. After hearing evidence, the

trial judge granted the Trust's motion and ordered Staley to execute a settlement agreement that was attached to the order granting the motion. In ordering Staley to execute the settlement agreement, the trial judge enforced the series of letters, documents and communications between the parties as an agreed judgment. The trial judge's order states, in part:

On this date came on to be considered the motion of James G. Herblin as Trustee of Heritable Trust Assignee of Charis Interests to Enforce Rule 11 Agreement, and it appearing that justice requires such motion to be granted, it is

**FURTHER ORDERED, ADJUDGED,** and **DECREED** that Pam Staley and any retained counsel she had or has had must sign the settlement agreement and dismissal documents required to effectuate the Rule 11 Agreement as filed in this court, within three working days of the signing of this Order. The form of the settlement agreement for this action is attached and incorporated in this Order. Within three working days of the execution and delivery of the settlement agreement and dismissal papers called for in the Rule 11 Agreement, the Settlement Agreement in the family law proceeding, and this action, the plaintiff shall tender the called for settlement checks in the amount of Six–Hundred Forty–Five Thousand and No/100 dollars ($645,000.00) to Pamela Staley's retained counsel.

■ In her first issue, Staley argues the evidence presented at the hearing does not support the entry of an order enforcing the rule 11 agreement. In considering this issue, we must determine whether the trial judge followed the law and applied the appropriate procedural method to enforce the settlement agreement.

■ A judge's decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review. *See Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 659 (Tex.1996). A trial judge has no discretion in determining what the law is or in applying the law to the facts. *Brown v. Vann,* 167 S.W.3d 627, 630 (Tex. App.-Dallas 2005, no pet.). Thus, a failure by the trial judge to analyze or apply the law correctly will constitute an abuse of discretion. *Brown,* 167 S.W.3d at 630.

■ A settlement agreement satisfies the requirements of rule 11 if it is (1) in writing, (2) signed, and (3) filed with the court or entered in open court prior to a party seeking enforcement. Tex.R. Civ. P. 11; *Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex.1995). It is not required that all of the terms of a settlement agreement be contained within a single document to comply with rule 11. *See Padilla,* at 461–62. A written settlement agreement may be enforced even though one party withdraws consent before judgment is rendered on the agreement. *Mantas,* 925 S.W.2d at 658. But, where consent has been withdrawn, a court may not render judgment on the settlement agreement, but may enforce it only as a written contract. *Mantas,* 925 S.W.2d at 658. Accordingly, the party seeking enforcement must pursue a separate breach of contract claim which is subject to the normal rules of pleading and proof. *Mantas,* 925 S.W.2d at 658. Where fact issues are raised or consent has been withdrawn, the only method available for enforcing a settlement agreement is through summary judgment or trial. *See Mantas,* 925 S.W.2d at 658–59. A claim to enforce a disputed settlement agreement should be raised through an amended pleading or counterclaim asserting breach of contract. *Padilla,* 907 S.W.2d at 462. To allow enforcement of a disputed settlement agreement simply on

motion and hearing would deprive a party of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery and submit contested fact issues to a judge or jury. *See Cadle Co. v. Castle*, 913 S.W.2d 627, 632 (Tex.App.-Dallas 1995, writ denied).

In this case, the existence of a rule 11 settlement agreement was disputed. The Trust produced evidence of a series of letters, documents, and communications in an effort to establish a rule 11 settlement agreement that would support entry of an agreed judgment. Staley denied the documents established an enforceable rule 11 agreement and submitted contrary evidence. We have reviewed the record and conclude that fact issues exist which preclude entry of an agreed judgment. Accordingly, Staley was entitled to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit contested issues of fact to a judge or jury. *See Cadle*, 913 S.W.2d at 632. Further, the record is clear that Staley revoked consent to any settlement agreement prior to the trial judge's decision to grant the Trust's motion to enforce rule 11 agreement. Thus, the trial judge could not order entry of an agreed judgment based upon the settlement agreement but could only enforce the settlement agreement as a written contract upon proper pleadings and proof. *See Mantas*, 925 S.W.2d at 658. We conclude the trial judge abused her discretion in granting the Trust's motion to enforce rule 11 agreement. We sustain Staley's first issue. Because of our disposition of Staley's first issue, we need not address her remaining issues.

We reverse the trial court's order and remand this cause for further proceedings consistent with this opinion.