COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

 

NO. 2-09-356-CV

 

 

CINDY PENA                                                                                     APPELLANT

 

V.

 

MICHAEL A. SMITH                                                                             APPELLEE

 

------------

 

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

 

------------

 

OPINION

 

------------

I.  Introduction

          In three issues, Appellant Cindy Pena
appeals the trial court’s orders summarily enforcing a disputed mediated
settlement agreement between her and Appellee Michael A. Smith.  We will reverse and remand.

II.  Background

          On or about August 14, 2008, Smith and
Pena entered into an “Unimproved Property Contract” in which Pena agreed to
sell to Smith a three-








acre
tract of land near Boyd.  According to Smith,
he signed closing documents and delivered checks to the title company for
earnest money and for the balance due under the property contract, but Pena
refused to sign the deed and the closing documents because the deed did not
contain a reservation of mineral rights in her favor.[1]

          Smith sued Pena for breach of the
property contract.  The trial court ordered
Smith and Pena to attend mediation, where they executed an “Agreed Mediated
Settlement Agreement.”  Pursuant to the
settlement agreement, Smith and Pena agreed, among other things, that Smith
“will get the surface rights to land and all other rights, if any” and that
Pena “will be allowed to retain her mineral interests in the property” and
“will & must execute all closing documents w/ Western Title Company on or
before June, 1, 2009.”  Pena also agreed to
“appoint[] Hunter Magee [Pena’s attorney] limited power of attorney to execute all
documents necessary to close the sale of the property as of June 2, 2009, if
for any reason [Pena] cannot or will not execute some or all documents needed
to close the sale of the property.”

          In June 2009, Smith filed a “Motion to
Sign Final Order.”  He contended therein
that he and Pena had attended mediation, which resulted in the settlement
agreement, but that Pena had not executed any documents necessary to facilitate
the sale and closing of the three-acre tract of land and, indeed, had taken
efforts to revoke Magee’s limited power of attorney to execute the necessary documents.  Smith prayed that the trial court enter the
proposed final order that he attached to the motion.

          After Smith filed his motion asking
the trial court to sign a final order enforcing the settlement agreement, Pena
filed a “Defendant’s Motion to Abate and/or to Set Aside Settlement Agreement,”
requesting, among other things, that the trial court set aside the settlement
agreement.  One day later, Smith filed a
“Supplemental Motion to Sign Final Order and Motion for Enforcement.”  Smith argued that “[p]ursuant to CPRC 154.071
a written settlement agreement is enforceable and the court may incorporate the
terms of the agreement in the court’s final decree disposing of the case.”  Smith also described Pena’s actions in
attempting to set aside the settlement agreement as a “unilateral revocation” and
prayed that the trial court sign the proposed order previously provided to it.

          After a hearing, the trial court
signed a final order that adopted the settlement agreement “as the Order of
[the] Court” and ordered Magee “to immediately execute any and all documents in
the name of Cindy Pena as her agent to facilitate the close of the sale of the
property that remain un-executed.”[2]  Thereafter, Pena timely filed a motion for
new trial, which was overruled by operation of law, and the trial court
modified its final order, incorporating the mediated settlement agreement into
the order and ordering that Pena and Brandy Tanner Watson, Pena’s daughter, be
divested of any and all ownership in the three-acre tract and that all right,
title, and interest in the tract be held in fee simple by Smith.  Pena filed her notice of this appeal.

III.  Motion to Dismiss

          Smith filed a motion
to dismiss Pena’s appeal, arguing that Pena filed her notice of appeal untimely
because she lacked capacity to file her motion for new trial.  Smith failed to file a verified pleading in
the trial court challenging Pena’s capacity. 
Accordingly, we deny Smith’s motion to dismiss Pena’s appeal.  See
Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005)
(“Unlike standing, . . . which may be raised at any time, a challenge to a
party’s capacity must be raised by a verified pleading in the trial court.”); Rodarte v. Investeco Group, L.L.C., 299
S.W.3d 400, 407 n.3 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (reasoning that objections concerning capacity may be
waived); see also Tex. R. Civ. P. 93.

IV.  Pleadings and Proof

          In her first and third issues, Pena
argues that the trial court erred by rendering a judgment that summarily enforced
the disputed settlement agreement.  She
contends that the judgment is supported by neither proper pleadings nor legally
sufficient evidence that she breached the settlement agreement.

          A trial court cannot render an agreed
judgment after a party has withdrawn its consent to a settlement
agreement.  Padilla v. LaFrance, 907 S.W.2d 454, 461
(Tex. 1995); Quintero v. Jim Walter
Homes, Inc., 654 S.W.2d. 442, 444 (Tex. 1983).  After consent has been withdrawn, a court may
enforce a settlement agreement “only as a written contract.”  Mantas
v. Fifth Court of Appeals, 925 S.W.2d 656, 658 (Tex. 1996); see Tex. Civ. Prac. & Rem. Code §
154.071(a) (Vernon 2005) (providing that a settlement agreement is enforceable
“in the same manner as any other contract”). 
Thus, the party seeking enforcement must pursue a separate breach of contract
claim, which is subject to the normal rules of pleading and proof.  Mantas,
925 S.W.2d at 659; Padilla,
907 S.W.2d at 462.  “In short, if consent
is withdrawn, ‘the only method available for enforcing a settlement agreement
is through summary judgment or trial.’”  Gunter v. Empire Pipeline Corp., No.
05-08-00824-CV, 2009 WL 2196119, at *1 (Tex. App.—Dallas July 24, 2009, pet.
denied) (citing Staley v. Herblin,
188 S.W.3d 334, 336–37 (Tex. App.—Dallas 2006, pet. denied)).  The law does not recognize the existence of
any special summary proceeding for the enforcement of a written settlement
agreement, even one negotiated and executed in the context of a mediation.  Id. (citing Cadle Co. v. Castle, 913 S.W.2d 627, 630 (Tex. App.—Dallas 1995, writ
denied)); see Martin v. Black, 909
S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (“When the
legislature enacted the ADR statute [civil practice and remedies code section
154.071], it did not order the courts to follow a special procedure applicable
only to mediated settlement agreements.”).

          Assuming without deciding that the
allegations and arguments contained in Smith’s “Motion to Sign Final Order” and
“Supplemental Motion to Sign Final Order and Motion for Enforcement” were
sufficient to give Pena fair notice of his contract claim and, thus, satisfied pleading
requirements,[3]
Smith failed to support his action to enforce the settlement agreement with
legally sufficient evidence.

          We may sustain a legal sufficiency
challenge only when (1) the record discloses a complete absence
of evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361,
362–63 (1960).  More than a scintilla of
evidence exists when the evidence supporting the finding, as a whole, rises to
a level that would enable reasonable and fair-minded people to differ in their
conclusions.  Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995).  When
there is no indication that evidence was admitted or considered by the trial
court prior to rendering judgment and the record on appeal contains no
statement of facts, we indulge no presumptions in favor of the judgment.  Otis Elevator v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993).

          To prevail on a breach of contract
claim, the plaintiff must plead and prove (1) a contract existed between
the parties; (2) the contract created duties; (3) the defendant
breached a material duty under the contract; and (4) the plaintiff sustained
damages.  Cadle Co., 913 S.W.2d at 631.

          At the hearing on his motions, Smith
did not present any evidence in support of his claim for breach of the
settlement agreement.  He merely
presented argument asking the trial court to sign the final order enforcing the
settlement agreement.

          Smith argues that the trial court did
not err by executing the final order because Pena presented no evidence that
the proposed order did not comply with the terms of the settlement agreement
and no evidence that she had rescinded the settlement agreement.  But Smith, not Pena, had the burden of proof
in support of the contract claim, and Pena sought to set aside the settlement
agreement.

          Because Smith failed to offer any
evidence, we hold that the evidence is legally insufficient to support the
trial court’s judgment.  See Bayway Servs., 106 S.W.3d at 160–61
(holding that the evidence was legally insufficient to support the trial
court’s judgment because appellee presented no evidence that appellant breached
settlement agreement); cf. Padilla, 907 S.W.2d at 462 (holding that summary judgment evidence established an enforceable
settlement agreement as a matter of law);
Quanaim, 2005 WL 856911, at *4 (holding that the evidence was legally
sufficient to support the trial court’s judgment because appellee presented
evidence of breach of contract).  We
sustain Pena’s first issue.

          Having prevailed on a no-evidence
issue, Pena would ordinarily be entitled to the rendition of judgment in her
favor.  See Nat’l Life & Accident Ins. Co. v. Blagg, 438
S.W.2d 905, 909 (Tex. 1969). 
However, the supreme court has held that
appellate courts have broad discretion to remand in the interest of
justice.  Scott v. Liebman, 404 S.W.2d 288, 294
(Tex. 1966).  As long as there is
a probability that a case has for any reason not been fully developed, an
appellate court has the discretion to remand rather than render a
decision.  Zion Missionary Baptist Church v. Pearson,
695 S.W.2d 609, 613 (Tex. App.—Dallas 1985, writ ref’d n.r.e.).  Because of our conclusion of Pena’s first
issue, and in the interest of justice, we will remand this case for further
proceedings rather than render a judgment. 
See Bayway
Servs., 106 S.W.3d at 161 (remanding case after sustaining legal
sufficiency issue involving disputed mediated settlement agreement).

          Having sustained Pena’s dispositive
first issue, we need not address her second issue complaining about the settlement
agreement’s failure to include a legal description of the property.  See
Tex. R. App. P. 47.1.

V.  Conclusion

          We deny Smith’s motion to dismiss, reverse
the trial court’s judgment, and remand the cause to the trial court for further
proceedings consistent with this opinion.

 

 

                                                                             BILL
MEIER

                                                                             JUSTICE

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  August 12, 2010











[1]In
an affidavit attached to her response to Smith’s motion for summary judgment,
Pena stated,

 

A woman at the title company gave me the contract for
the sale of the three acre tract and after I signed it, the same woman then
gave me a separate document which indicated that I was also selling to Mr.
Smith the mineral rights/interests in the three acre tract.  This was the first time I had ever seen this
document concerning the sale of my mineral rights/interests and I refused to
sign it and told the title company woman that it was never my intention to sell
the mineral rights/interest to Mr. Smith and that I would not do so.





[2]No
findings of fact and conclusions of law were filed.





[3]See Cadle Co., 913 S.W.2d at 630–31
(reasoning that a petition in a contract claim must contain a short statement
of the claim sufficient to give fair notice of the claim involved, including an
allegation of a contractual relationship between the parties and the substance
of the contract that supports the pleader’s right to recover); see also Bayway Servs., Inc. v. Ameri-Build Constr., L.C., 106 S.W.3d 156,
160 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding
that appellee met its pleading requirement because it filed a motion to sign
judgment that alleged a contractual relationship with appellant and attached
the settlement agreement to the motion); Quanaim
v. Frasco Rest. and Catering, No. 01-03-01156-CV,
2005 WL 856911, at *3 (Tex. App.—Houston [1st Dist.] Apr. 14,
2005, no pet.) (mem. op.) (same).