Opinion issued October 6, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00513-CV

———————————

In re BUILD BY OWNER, LLC, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Relator,
Build by Owner, LLC (“Build by Owner”), filed a petition for writ of mandamus
seeking to compel the trial court to vacate its order granting real parties in
interest John-Baptist and Ellen Sekumade’s motion to transfer venue from
Galveston County to Harris County.[1]  Build by Owner contends that the trial court
abused its discretion in granting the motion because, at a prior hearing before
the original trial judge, Build by Owner and Sekumade allegedly entered into a
Rule 11 agreement providing that venue would remain in Galveston County because
Sekumade sought affirmative relief from the Galveston County trial court on a
counterclaim.

          We
deny the petition for writ of mandamus.

Background

          In
2008, Sekumade and Build by Owner entered into a contract for the construction
of a house.  On June 22, 2009, Build by
Owner sued Sekumade for breach of contract, alleging that Sekumade “failed to
provide payment for [Build by Owner’s] work and reimbursement of labor and
materials provided in the construction of [Sekumade’s] residence.”  In his original answer, Sekumade moved to
transfer venue from Galveston County to either Brazoria County—where Sekumade resided—or Harris County—where Sekumade signed the contract at issue—and also asserted a counterclaim for breach of contract.

          During
the course of the litigation, Sekumade served Build by Owner with discovery
requests, including requests for admissions, requests for production of
documents, and interrogatories.  Sekumade
also moved for summary judgment on his breach of contract counterclaim,
contending, among other things, that Build by Owner failed to either fully or
substantially perform its contractual obligations.  He did not make this motion subject to his motion
to transfer venue.  Sekumade later
amended his pleadings to drop his breach of contract claim and to assert a
claim for violation of the Deceptive Trade Practices Act (“DTPA”).

          On
April 22, 2010, after a lengthy discovery battle, the trial court heard
argument on Build by Owner’s motion for discovery sanctions and motion to
strike Sekumade’s pleadings.  At the
beginning of the hearing, the trial court asked the parties which motion they
wanted to address first.  Sekumade
stated, without previous reference to his motion to transfer venue:

If I may, we filed a Motion
to Transfer Venue.  We would probably
pass that motion because we have filed a counter-suit based on a DTPA
claim.  So, that probably will be less
the Court has to consider.

 

After the parties and the trial court discussed
Build by Owner’s discovery-related motions, the trial court asked if there were
any other matters to consider.  Sekumade said,
“As I stated earlier, Your Honor, we had a Motion to Transfer Venue.  Because we had filed a DTPA claim, we’re
going to pass that motion.”

          Shortly
thereafter, the parties and the trial court had the following exchange:

[Build
by Owner]:          Second of all, based
on Counsel’s statement about the motion to transfer, it appears that we’ve
entered into a Rule 11 Agreement in open court on the record that the case is
going to be here in Galveston County as the county of mutually agreed venue and
jurisdiction before this Honorable Court. 
So, then, rather than [d]efense counsel saying we’re passing the
hearing, I think what he said, based on his DTPA counterclaim, is that he’s
agreed and has purposefully availed himself that we have a Rule 11 agreement
and I would like that clarified.

 

The
Court:            Mr. Sekumade, that’s the
Court’s interpretation of that also.  Is
that incorrect?

 

Sekumade:            In reference to the—

 

The
Court:            To the Motion to
Transfer Venue, you’re essentially waiving that.  If you say that “I want the Court to rule on
my DTPA case,” you’re availing this Court of this jurisdiction.

 

Sekumade:            That’s correct, Your Honor.  That’s why I stated—

 

The Court:            So, it is of record, then.

 

[Build by Owner]:          Then that’s mutually agreeable.

 

The next day, the trial court
issued an order granting Build by Owner’s motion to compel.  The court ordered Sekumade to pay $3,000 in
attorney’s fees to Build by Owner’s counsel within thirty days and to fully
comply with all outstanding discovery requests within forty-five days or the
court would require payment of an additional $10,000 in discovery sanctions and
completion of forty hours of community service, and it would strike Sekumade’s
pleadings.  This order did not mention
Sekumade’s motion to transfer venue.

          Approximately
one month later, Sekumade again amended his answer, moved to transfer venue to
Brazoria or Harris County, and asserted a counterclaim for breach of
contract.  In response to this motion to
transfer venue, Build by Owner argued that, at the April 22, 2010 hearing, it
and Sekumade entered into a Rule 11 agreement providing that venue would remain
in Galveston County.  In reply, Sekumade
argued that proper venue could not be waived pursuant to Civil Practice and
Remedies Code section 15.035, the venue provision that governed this dispute,
and that Build by Owner never presented any evidence demonstrating that venue
was proper in Galveston County or that venue was improper in Brazoria or Harris
County.  Sekumade also denied that the
parties ever entered into a Rule 11 agreement regarding venue at the April 22,
2010 hearing.  The trial court explicitly
denied Sekumade’s motion to transfer venue on August 2, 2010.

          After
Sekumade failed to pay Build by Owner’s counsel within the allotted thirty days
after the April 23, 2010 order, Build by Owner moved for enforcement of the
order and for the imposition of sanctions on Sekumade for his failure to comply.  At a hearing on September 2, 2010, the trial
court granted Build by Owner’s motion to enforce and ordered Sekumade to pay
$13,000 to Build by Owner’s counsel by 5:00 p.m. on September 10, 2010, ordered
Sekumade to complete forty hours of community service, and struck Sekumade’s
pleadings.

          Sekumade
subsequently filed a petition for writ of mandamus in this Court.[2]  In addition to complaining about Judge
Ellisor’s discovery rulings and his actions allegedly preventing Sekumade from
filing a motion to compel arbitration, Sekumade also complained that, by making
a statement at the April 22, 2010 hearing that Sekumade waived his motion to
transfer venue because he filed a counterclaim, Judge Ellisor “stifled” and
“dissuaded” him from pursuing his motion and that Judge Ellisor erroneously
denied his motion to transfer venue.  In
its response to Sekumade’s petition for writ of mandamus, Build by Owner
informed this Court that Sekumade had filed a civil rights suit against Judge
Ellisor and his court coordinator in the Southern District of Texas.  As a result, the Administrative Judge of
Galveston County transferred the underlying lawsuit, Build by Owner, LLC v. John-Baptist Sekumade and Ellen Carol Sekumade,
No. 09-CV-1019, from the 122nd District Court of Galveston County to the 56th District
Court of Galveston County.  The
Administrative Judge then transferred the underlying case back to the 122nd District
Court, but it appointed another judge, the Honorable Hugo Touchy, to hear the
dispute.

          On March
10, 2011, this Court issued an order abating Sekumade’s petition for writ of
mandamus pursuant to Texas Rule of Appellate Procedure 7.2(b) to allow Judge
Touchy to reconsider Judge Ellisor’s rulings on Sekumade’s motion to transfer
venue and Build by Owner’s motion to compel and motion to strike Sekumade’s
pleadings.  See Tex. R. App. P.
7.2(b); In re Baylor Med. Ctr. at Garland,
280 S.W.3d 227, 228 (Tex. 2008) (“Mandamus will not issue against a new judge
for what a former one did. . . .  As a new judge now
presides over the trial court, [Texas Rule of Appellate Procedure] 7.2 requires
abatement of this original proceeding to allow the successor to reconsider the
order.”).

          At
the hearing before Judge Touchy, Build by Owner informed the court of Sekumade’s
two statements from the April 22, 2010 hearing informing Judge Ellisor that he
was “passing” his motion to transfer venue because of his DTPA counterclaim and
of the Rule 11 agreement discussion.  Sekumade
argued:

At no time was I party to
any Rule 11 Agreement.  The record does
not reflect it.  All I said was I will
pass the motion because the Court was telling me I had forfeited my rights to
waive venue.  So, as [Build by Owner’s
counsel] properly read, I passed my motion. 
I did not waive my right.  [Build
by Owner’s counsel] waived my right for me. 
He acted as my counsel and came up with a Rule 11 Agreement between
himself and the Court and that’s how we got to this Rule 11 argument.

 

At the close of the hearing, the trial court granted
Sekumade’s motion to transfer venue to Harris County, reasoning that
“[Sekumade] never voluntarily waived his plea to transfer the venue willfully.”[3]

Standard of Review

          Mandamus
relief is available only to correct a clear abuse of discretion when there is
no adequate remedy by appeal.  In re Odyssey Healthcare, Inc., 310
S.W.3d 419, 422 (Tex. 2010) (per curiam); In
re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (“We grant the
extraordinary relief of mandamus only when the trial court has clearly abused
its discretion and the relator lacks an adequate appellate remedy.”).  A trial court commits a clear abuse of
discretion when its action is “so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.”  In re CSX Corp., 124 S.W.3d 149, 151
(Tex. 2003) (per curiam); In re Stern,
321 S.W.3d 828, 837 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  A trial court has no discretion in
determining what the law is or in applying the law to the particular
facts.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135 (Tex. 2004).

Motion to Transfer Venue

          Although
mandamus review is available to enforce the Civil Practice and Remedies Code’s
mandatory venue provisions, a party generally may not seek mandamus review of a
permissive venue determination.[4]  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 15.0642 (Vernon 2002) (“A party may apply for a writ of mandamus with an
appellate court to enforce the mandatory venue provisions of [Chapter 15.]”); In re Mo. Pac. R.R. Co., 998 S.W.2d 212,
215–16 (Tex. 1999) (“We reiterated in early 1995 that ‘Texas law is quite clear
that venue determinations are not reviewable by mandamus.’  But a few months later, the Legislature
enacted section 15.0642 authorizing parties to seek mandamus ‘to enforce the
mandatory venue provisions,’ along with a timetable for seeking mandamus.”)
(quoting Polaris Inv. Mgmt. Corp. v.
Abascal, 892 S.W.2d 860, 862 (Tex. 1995) (per curiam)).

          The
Texas Supreme Court has held that “venue determinations generally are
incidental trial rulings that are correctable on appeal.”  Bridgestone/Firestone,
Inc. v. Thirteenth Court of Appeals, 929 S.W.2d 440, 441 (Tex. 1996) (per
curiam) (citing Montalvo v. Fourth Court
of Appeals, 917 S.W.2d 1, 2 (Tex. 1995) (per curiam)); see In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (“[V]enue
determinations as a rule are not reviewable by mandamus.”); see also In re Team Rocket, 256 S.W.3d
at 261 (“The only remedy afforded by the Legislature when a party loses a venue
hearing is to proceed with trial in the transferee county and appeal any
judgment from that court on the basis of alleged error in the venue ruling.”).  “[T]he mere fact that a trial court’s
erroneous order will result in an eventual reversal on appeal does not mean
that a trial will be a ‘waste of judicial
resources’ . . . .  To hold otherwise would mean
that virtually any reversible error by a trial court would be a proper subject
for mandamus review.”  In re City of Irving, 45 S.W.3d 777, 779
(Tex. App.—Texarkana 2001, orig. proceeding).

          The
Texas Supreme Court has also held, however, that mandamus review of permissive venue
determinations is appropriate in “extraordinary circumstances.”  In re
Team Rocket, 256 S.W.3d at 262; see
also In re Masonite Corp., 997 S.W.2d at 197 (“But on rare occasions an
appellate remedy, generally adequate, may become inadequate because the
circumstances are exceptional. 
Specifically, a trial court’s action can be ‘with such disregard for
guiding principles of law that the harm . . . becomes
irreparable.’”) (quoting Nat’l Indus.
Sand Ass’n v. Gibson, 897 S.W.2d 769, 771 (Tex. 1995)); Bridgestone/Firestone, 929 S.W.2d at 441
(noting that court had previously granted mandamus relief when trial court
failed to afford venue movant reasonable opportunity to supplement venue
record).  The court has “granted mandamus
relief in the context of Rule 87 venue rulings
where . . . the trial court made no effort to follow the
rule.”  In re Team Rocket, 256 S.W.3d at 262; see also Woods v. Alvarez, 925 S.W.2d 119, 122 (Tex. App.—Corpus
Christi 1996) (noting that mandamus relief is available when “the trial court
fails to follow the procedural requirements of Texas Rule of Civil Procedure 87
concerning each party’s right to sufficient notice of the venue hearing”), overruled on other grounds, Bridgestone/Firestone, 929 S.W.2d at
442; Cone v. Gregory, 814 S.W.2d 413,
414–15 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) (listing as
exceptions to general rule of no mandamus relief for venue determinations:  (1) trial court has mandatory,
ministerial duty to transfer, (2) trial court issues a void order on venue, and
(3) trial court violates mandatory notice procedure).

          In Team Rocket, for example, the plaintiffs
originally filed suit in Harris County for, among other things, negligence
arising out of a fatal plane accident that occurred in Fort Bend County.  256 S.W.3d at 258.  Team Rocket moved to transfer venue to
Williamson County, its principal place of business, and the trial court granted
the motion.  Id. at 259.  The plaintiffs
nonsuited and then immediately filed an identical suit in Fort Bend
County.  Id.  The Fort Bend County
trial court denied Team Rocket’s motion to transfer venue to Williamson
County.  Id.  The Texas Supreme Court
found that “extraordinary circumstances” for granting mandamus review of a
non-mandatory venue determination existed, and reasoned that when “a trial
court improperly applied the venue statute and issued a ruling that permits a
plaintiff to abuse the legal system by refiling his case in county after
county, which would inevitably result in considerable expense to taxpayers and
defendants, requiring defendants to proceed to trial in the wrong county is not
an adequate remedy.”  Id. at 262; see also In re Masonite Corp., 997 S.W.2d at 198 (finding
“exceptional circumstances” present when trial court denied motion to transfer
venue to defendant’s requested county and “on its own motion” severed claims
into sixteen different cases and transferred cases to counties of plaintiffs’ residence).

          Build
by Owner contends that such exceptional circumstances justifying mandamus
relief exist in this case because Judge Touchy, in refusing to enforce the
parties’ Rule 11 agreement on venue, abused his discretion by incorrectly applying
Texas Rule of Civil Procedure 87(3)(b), which provides that the trial court
shall determine a venue motion “on the basis of the pleadings [and] any
stipulations made by and between the parties . . . .”  See
Tex. R. Civ. P. 87(3)(b).

          Texas
Rule of Civil Procedure 11 provides that,

Unless otherwise provided in
these rules, no agreement between attorneys or parties touching any suit
pending will be enforced unless it be in writing, signed and filed with the
papers as part of the record, or unless it be made in open court and entered of
record.

 

Tex. R. Civ. P. 11.  Rule 11 agreements “are contracts relating to
litigation.”  Trudy’s Tex. Star, Inc. v. City of Austin, 307 S.W.3d 894, 914
(Tex. App.—Austin 2010, no pet.).  “The
purpose of Rule 11 is to ensure that agreements of counsel affecting the
interests of their clients are not left to the fallibility of human
recollection and that the agreements themselves do not become sources of
controversy.”  ExxonMobil Corp. v. Valence Operating Co., 174 S.W.3d 303, 309
(Tex. App.—Houston [1st Dist.] 2005, pet. denied).  Trial courts have a ministerial duty to
enforce valid Rule 11 agreements.  Id. (citing EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex. 1996) and Fed. Lanes, Inc. v. City of Houston, 905
S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1995, writ denied)).

          “[I]t
is not sufficient that a party’s consent to a Rule 11 agreement may have been
given at one time; consent must exist at the time that judgment is
rendered.”  Id.; see also Padilla v.
LaFrance, 907 S.W.2d 454, 461 (Tex. 1995) (“[C]onsent must exist at the
very moment the court undertakes to make the agreement the judgment of the
court.”).  A party may revoke his consent
to a Rule 11 agreement at any time before rendition of judgment.  ExxonMobil,
174 S.W.3d at 309.  “A court is not
precluded from enforcing a Rule 11 agreement once it has been repudiated by one
of the parties, but an action to enforce a Rule 11 agreement to which consent
has been withdrawn must be based on proper pleading and proof.”  Id.;
see also Padilla, 907 S.W.2d at 462
(“An action to enforce a settlement agreement [pursuant to Rule 11], where
consent is withdrawn, must be based on proper pleading and proof.”).  If a party revokes his consent to a Rule 11
agreement, the opposing party may attempt to enforce the Rule 11 agreement
under contract law.  ExxonMobil, 174 S.W.3d at 309; see
Staley v. Herblin, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied)
(“[W]here consent [to a Rule 11 agreement] has been withdrawn, a court may not
render judgment on the settlement agreement, but may enforce it only as a
written contract.  Accordingly, the party
seeking enforcement must pursue a separate breach of contract claim which is
subject to the normal rules of pleading and proof.”); see also Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658
(Tex. 1996) (per curiam) (holding same).

If fact issues are raised or a
party has withdrawn consent, “the only method available for enforcing a [Rule
11] agreement is through summary judgment or trial.”  Staley,
188 S.W.3d at 336.  The non-breaching
party should raise its claim to enforce the disputed agreement “through an
amended pleading or counterclaim asserting breach of contract.”  Id.;
see also Padilla, 907 S.W.2d at 462
(approving of Padilla’s counterclaim seeking enforcement of Rule 11 agreement);
Baylor College of Med. v. Camberg,
247 S.W.3d 342, 348 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)
(“[N]othing in the record indicates that Baylor employed a proper procedure for
enforcing a Rule 11 settlement agreement once the parties proffered differing
interpretations of the agreement.  For
example, Baylor did not file a motion for summary judgment seeking interpretation
of the Rule 11 agreement.”).  “To allow
enforcement of a disputed [Rule 11] agreement simply on motion and hearing
would deprive a party of the right to be confronted by appropriate pleadings,
assert defenses, conduct discovery, and submit contested fact issues to a judge
or jury.”  Staley, 188 S.W.3d at 336–37.

Build by Owner contends that it and
Sekumade entered into an enforceable Rule 11 agreement at the April 22, 2010
hearing before Judge Ellisor that venue would remain in Galveston County.  Sekumade contends that a Rule 11 agreement
never existed between the parties and that, if one did so exist, he revoked his
consent by filing a second motion to transfer venue and informing Judge Ellisor
that he did not consent to venue in Galveston County.

Even if Build by Owner and Sekumade
entered into a Rule 11 agreement at the April 22, 2010 hearing agreeing that
venue was proper in Galveston County, Sekumade revoked his consent to this
agreement before either Judge Ellisor or Judge Touchy ruled on his venue motion.  The trial court issued an order on April 23,
2010, solely relating to discovery sanctions against Sekumade; the order did
not reference Sekumade’s motion to transfer venue or any alleged Rule 11
agreement on venue.  On May 28, 2010,
Sekumade filed a second motion to transfer venue, seeking to transfer the case
to Brazoria or Harris County.  After
Build by Owner responded to the venue motion and argued that the trial court
should deny the motion based on the purported Rule 11 agreement, Sekumade
argued, among other things, that he did not enter into a Rule 11 agreement on
venue at the April 22, 2010 hearing.  Sekumade
repeatedly argued that venue was proper in Brazoria or Harris County, not
Galveston County.

Judge Ellisor denied Sekumade’s venue
motion on August 2, 2010.  Sekumade then
sought mandamus relief from this ruling, among other rulings, in this Court.  After the Administrative Judge of Galveston
County assigned Judge Touchy to hear the underlying dispute, we abated
Sekumade’s mandamus petition for Judge Touchy to reconsider Judge Ellisor’s
rulings on the discovery sanctions issue and Sekumade’s venue motion.  See
Tex. R. App. P. 7.2(b).  Judge Touchy ultimately agreed that Sekumade
did not “voluntarily waive[] his plea to transfer the venue willfully” and
transferred venue to Harris County on April 11, 2011.

Build by Owner never filed an
amended pleading, counterclaim for breach of contract, or motion to enforce the
Rule 11 agreement.

Because Sekumade revoked any
consent to the purported Rule 11 agreement before Judge Touchy ruled on his
motion to transfer venue, consent did not exist at the time the trial court
decided the issue, and, therefore, the court could not have rendered an agreed
decision on venue.  See Padilla, 907 S.W.2d at 461 (holding that, for agreed judgment,
“consent must exist at the very moment the court undertakes to make the
agreement the judgment of the court”); ExxonMobil,
174 S.W.3d at 309 (“[I]t is not sufficient that a party’s consent to a Rule 11
agreement may have been given at one time; consent must exist at the time that
judgment is rendered.”).  Although a
trial court may not render an agreed judgment when one party has withdrawn his
consent to a Rule 11 agreement, the trial court may still enforce the agreement
as a binding contract, but only upon “proper pleading and proof.”  See
Padilla, 907 S.W.2d at 462; ExxonMobil,
174 S.W.3d at 309.  The party seeking to
enforce the Rule 11 agreement must file a separate breach of contract claim,
and the alleged breaching party must be afforded the opportunity to assert
defenses, conduct discovery, and submit contested fact issues, if any, to a
judge or jury.  See Staley, 188 S.W.3d at 336–37; see also ExxonMobil, 174 S.W.3d at 309 (“In such a case [when a
party withdraws consent to a Rule 11 agreement], a party may seek to enforce
the agreement under contract law.”). 
Because Build by Owner never attempted to enforce the Rule 11 agreement
by pursuing a separate breach of contract claim, we conclude that the trial
court did not abuse its discretion in refusing to enforce the disputed
agreement.  See Camberg, 247 S.W.3d at 348 (holding that party seeking
enforcement of Rule 11 agreement did not employ “proper procedure” for
enforcing when parties offered different interpretations of agreement).

We hold, therefore, that Build by
Owner has not established that this case involves the “extraordinary
circumstances” necessary to depart from the general rule that permissive venue
determinations are not reviewable by mandamus. 
See In re Team Rocket, 256
S.W.3d at 262.

Build by Owner further contends
that mandamus review of Judge Touchy’s venue ruling is appropriate because
“[t]his Court is already exercising its mandamus jurisdiction based on
[Sekumade’s] petition challenging Judge Ellisor’s rulings on his motion for
sanctions and motion for transfer of venue” and cites the Texas Supreme Court’s
decision in General Motors Corp. v. Gayle,
951 S.W.2d 469 (Tex. 1997), for the proposition that an appellate court may
review an issue on mandamus that may ordinarily be reviewable only on appeal—such as an incidental trial ruling—if the court is already addressing another
issue for which mandamus review is appropriate. 
In Gayle, the court noted that
two of the issues presented—denial of a
jury trial and denial of a motion for continuance—were generally not appropriate for mandamus review because parties had
an adequate appellate remedy, but it held that that particular case presented “special
circumstances” because mandamus review was appropriate for another issue that
had been presented to the court.  Id. at 477.  The court concluded that “the interests of
judicial economy dictate that [it] should also remedy the trial court’s denial
of the right of jury trial by mandamus.” 
Id.

This case, however, does not present such special circumstances.  Judge Touchy’s rulings on Build by Owner’s
discovery motions and Sekumade’s venue motion vacated Judge Ellisor’s initial
rulings.  Thus, Sekumade’s original
petition for writ of mandamus is moot.  See In re Baylor Med. Ctr., 280 S.W.3d
at 228.  Because the parties have
presented no other issue that is proper for us to review by mandamus, we will
not exercise our mandamus jurisdiction to review Judge Touchy’s venue ruling.[5]

Conclusion

          We
deny the petition for writ of mandamus.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

 











[1]
          The Honorable Hugo Touchy, Judge
of the 122nd District Court of Galveston County, Texas, Respondent.  The underlying lawsuit is Build by Owner, LLC v. John-Baptist Sekumade
and Ellen Carol Sekumade, No. 09-CV-1019 (122nd Dist. Ct., Galveston
County, Tex.).





[2]
          See In re John-Baptist Sekumade and Ellen Carol Sekumade, No.
01-10-00817-CV (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, orig. proceeding)
(mem. op.).





[3]
          Judge Touchy also granted Build
by Owner’s motion to compel and ruled that Sekumade had twenty days to comply
with all written discovery requests or the court would strike his
pleadings.  The trial court awarded Build
by Owner’s counsel $4,000 in attorney’s fees to be included in the final
judgment.  Neither Build by Owner nor
Sekumade complain of Judge Touchy’s discovery rulings.





[4]
          The venue statute applicable
here, Civil Practice and Remedies Code section 15.035(b), is a permissive venue
provision.  Tex. Civ. Prac. & Rem. Code Ann. § 15.035(b) (Vernon
2002).  This statute provides that, “[i]n
an action founded on a contractual obligation of the defendant to pay money
arising out of or based on a consumer transaction for goods [or]
services . . . intended primarily for personal, family,
household, or agricultural use, suit by a creditor on or by reason of the
obligation may be brought against the defendant either in the county in which
the defendant in fact signed the contract or in the county in which the
defendant resides when the action is commenced.”  Id.  It is undisputed that Sekumade signed the
contract in Harris County and that he resided in Brazoria County when Build by
Owner filed suit against him.  Other than
its Rule 11 agreement and general waiver contentions, Build by Owner has not,
at any point, presented arguments or evidence for why Galveston County is a
county of proper venue under section 15.035(b). 
See Tex. R. Civ. P. 87(2)(a) (“A party who seeks to maintain
venue of the action in a particular county . . . has the
burden to make proof . . . that venue is maintainable in
the county of suit.”).





[5]
          Build by Owner also contends
that we should vacate Judge Touchy’s venue ruling because Sekumade waived his
venue motion on two grounds:  (1)
Sekumade failed to obtain a hearing on his motion within a reasonable time, and
(2) Sekumade pursued counterclaims and dispositive motions before the trial
court heard his venue motion.  Build by
Owner, however, cites no authority for the proposition that no adequate
appellate remedy exists for addressing these contentions, and that, therefore,
mandamus relief is appropriate.  See Toliver v. Dallas Fort Worth Hosp.
Council, 198 S.W.3d 444, 446–48
(Tex. App.—Dallas 2006, no pet.) (addressing on ordinary appeal whether
defendant waived motion to transfer venue); Carlile
v. RLS Legal Solutions, Inc., 138 S.W.3d 403, 406 (Tex. App.—Houston [14th
Dist.] 2004, no pet.) (addressing same). 
We therefore decline to address these arguments on mandamus review.