# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00339-CV

The Stonewater Homeowners Association, Inc., Appellant

v.

Luther Evans and Laticia Evans, Appellees

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-008744, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Stonewater Homeowners Association, Inc. (the HOA) appeals from a final judgment entered after it agreed to settle its breach-of-contract suit against homeowners Luther Evans and Laticia Evans for unpaid fees. We will affirm.

## BACKGROUND

The Evanses own a home in Manor that is encumbered by a declaration of restrictive covenants, conditions, and restrictions that the HOA is empowered to enforce. After the Evanses allegedly failed to pay the required maintenance fees and assessments for a few years, the HOA sued the Evanses for breach of contract.

The parties agreed to settle the dispute soon after the Evanses were served with the lawsuit. The HOA maintains that the Evanses, who were unrepresented, signed an "agreed judgment," which required the Evanses to pay $3,490 in delinquent assessment fees, collection

fees, and late charges; $4,413.52 in attorneys' fees, plus conditional appellate attorneys' fees; $548.32 in expenses; court costs; and 8.5% annual interest on the total judgment. The agreement also independently gave the HOA the ability to foreclose on the Evanses' property, notwithstanding the Evanses' satisfaction of the judgment. The HOA apparently presented the agreed judgment to the trial court directly without filing it in the clerk's record, as a copy of this agreement in its original form does not appear in the record.

The trial court held a hearing to address the submission that both parties attended, the Evanses pro se and the HOA with counsel. At the hearing, the trial court asked the Evanses whether they understood that they had agreed to allow the HOA to recover the unpaid fees and to foreclose on their property:

> The court: So, I just don't know if you understood, Mr. and Mrs. Evans, but you signed an order saying, yes, we owe the money, and yes, you can take the house, both. And I won't sign an order that lets them do both.

> Mrs. Evans: No, no, ma'am, Your Honor, we didn't realize what that was.

> Mr. Evans: No, ma'am.

The court then went through the rest of the agreement to discuss its terms with the parties, during which the Evanses clarified that, as to the $3,490 in delinquent fees, they had already "put 3,000 down and we've made two payments to the agreement." The court brought up the attorney's fees, stating that it "probably would not sign an order where the attorney's fees are more than the assessment" and that it would "reduce that number." The court also reduced the

2

interest rate, noted that it could not "grant conditional attorney's fees without evidence," and stated, "I'm striking all of the foreclosure language." In summary, the court stated:

> The court: So, now it says $3,490 is the delinquent assessment fees due, $3,490 in attorney's fees, and future release fees, costs of court, 5 percent interest, and everything else is struck. All right? . . . I am going to ask you [HOA counsel] to make sure you go back and determine if they've completed their payment or overpaid now that I've signed the judgment. And if they've overpaid, you need to give them a credit for that amount and a letter. So, I'm going to ask you to give them a letter one way or the other, saying this is the order, this is how much you paid before we got the order, and either this is how much is left or we owe you this much and credit it against their next HOA payment. . . . So you'll do that [HOA counsel], right?

> HOA counsel: Yes, Your Honor.

> The court: Thank you. I'm going to just make a little note here that I've ordered you to do that.

There were no objections during the hearing, and the trial court signed the parties' agreed judgment with its handwritten adjustments as described above. The HOA filed a motion for new trial, arguing that it had the right to foreclose and complaining that the trial court removed the foreclosure language from the final judgment. The HOA noted that it had entered "a separate contractual agreement with [the Evanses] not to foreclose so long as a payment plan is timely completed," but it maintained that the trial court's "decision to remove the foreclosure provision was an improper exercise of discretion as it leaves [the HOA] without an effective remedy if [the

Evanses] fail to pay the owed amounts." The motion was overruled by operation of law,[1] and the HOA's appeal followed.

## DISCUSSION

The HOA contends that the trial court erred by materially modifying the parties' agreed judgment. Its sole argument is that once the trial court was presented with the agreed judgment, it had a ministerial duty to render judgment on that agreement and lacked any discretion to modify its terms.

"A settlement agreement must comply with Rule 11 to be enforceable." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Generally, that means it must be "in writing, signed and filed with the papers as part of the record" or "made in open court and entered of record." Tex. R. Civ. P. 11. Texas courts, including ours, have held that the essential terms for a settlement agreement are the amount of compensation and the liability to be released. *3CPL Holdings, LLC v. DFLC, Inc.*, No. 03-24-00850-CV, 2025 WL 2446348, at *4 (Tex. App.—Austin Aug. 26, 2025, pet. denied) (mem. op.). We review a trial court's decision regarding the enforcement of an agreed judgment for abuse of discretion. *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied) (citing *Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996)).

Here, however, there was no settlement agreement "filed with the papers as part of the record." Tex. R. Civ. P. 11. Instead, the HOA presented an "agreed judgment" directly to the trial court (and the record does not clarify exactly how), but it did not file it as part of the record or move to enter it as an exhibit at an evidentiary hearing. Apparently after reviewing the

---

[1] The trial court entered a "Nunc Pro Tunc Agreed Judgment," which is substantively identical to the original signed judgment, but instead of handwritten edits, it is typed.

4

submission, the trial court held a hearing before signing an order, and at that hearing, the Evanses stated on the record that they did not agree to the terms as stated in the document tendered to the court. In discussing the terms with the parties, the trial court edited the document tendered to the court based on its exchanges with the parties at the hearing, then signed the final judgment reflecting those terms over no contemporaneous objections from either side.

At no point did the HOA indicate that it disagreed with the modifications but instead was either silent or apparently in agreement with the changes. For example, the HOA's counsel said, "I totally understand you won't sign an order that has foreclosure language in it. That being said, it is allowed in the Declaration [of Covenants, Conditions and Restrictions], but that's not where we want to go at all." The HOA's counsel noted that the Evanses were "almost back up to speed" with their payments, so "I don't foresee us foreclosing or doing anything more with this, to be honest with you." When the trial court stated it would change the interest rate to five percent and would not grant conditional attorney's fees, the HOA's counsel said, "Okay, yeah, that's fine." And as to the attorney's fees, the HOA's counsel explained that "there are certain things that we have to do in order to get to this point, in order to get to the payment plan" but that "we do try to keep these costs at the smallest amount possible." Finally, once the parties had covered the terms, the trial court stated that "you will all be getting copies of the order that I'm signing sometime next week," and the HOA's counsel said, "Thank you, Your Honor." In sum, as to the deviations from the "agreed judgment," the reporter's record reflects an agreement between the parties "made in open court and entered of record." *Id.*; *see, e.g.*, *Berg v. Wilson*, 353 S.W.3d 166, 172 n.9 (Tex. App.—Texarkana 2011, pet. denied) ("[T]he parties' actions of dictating their agreement into the record in open court complied with the procedural format of Rule 11 of the Texas Rules of Civil Procedure."); *see also Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 691 (Tex. App.—Houston

5

[14th Dist.] 2011, no pet.) ("[A]n attorney may execute an enforceable Rule 11 agreement on his client's behalf.").

The HOA maintains that once it gave the trial court the agreed judgment, the trial court had a ministerial duty to approve it as a final order. But before the agreement was entered, the Evanses clarified that they did not consent to its terms. Thus, the trial court could not render an agreed judgment because the Evanses did not agree to it. *See Padilla*, 907 S.W.2d at 461. "Although a court cannot render a valid *agreed* judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement." *Id.* (emphasis added). If a party withdraws its consent to a settlement agreement, the party seeking enforcement may pursue a separate claim for breach of contract or file a motion to enforce the Rule 11 agreement as a binding contract under general contract law, rather than as an agreed judgment. *See id.*; *Chowning v. Boyer*, No. 03-20-00387-CV, 2021 WL 3233859, at *6 (Tex. App.—Austin July 30, 2021, no pet.) (mem. op.) (citing *Mantas*, 925 S.W.2d at 658). "An action to enforce a settlement agreement, where consent is withdrawn, must be based on proper pleading and proof." *Padilla*, 907 S.W.2d at 462; *see also Mantas*, 925 S.W.2d at 658 ("Where the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number.").

To the extent that the HOA argues that the Evanses withdrew their consent to a valid settlement agreement, it could have pursued a separate claim for breach of contract or filed a motion to enforce the agreement as a binding contract under general contract law. *See Padilla*, 907 S.W.2d at 461; *3CPL Holdings*, 2025 WL 2446348, at *4; *Chowning*, 2021 WL 3233859, at

6

*6. It did not. Instead, after the Evanses clarified that they did not agree to the foreclosure portion of the agreement, the HOA proceeded with the hearing, during which it did not indicate any disagreement with the modifications to the terms of the agreed judgment and indeed affirmatively agreed with many of the changes. Contrary to the HOA's position, the trial court did not unilaterally "delete or modify the terms the parties agreed upon"; it revised the order according to the parties' agreement at the hearing.

We overrule the HOA's sole issue on appeal.

**CONCLUSION**

Because the HOA has not established error in the judgment, we affirm.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed:   April 15, 2026

7