**Kevin Karl DAVIS, Appellant,**

v.

**Debra Lynn WICKHAM, Appellee.**

No. 14–94–01000–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1996.

Doris A. Stewart, Houston, for appellant.

Harry L. Tindall, Houston, Walter Mahoney, Jr., Pasadena, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Appellant, Kevin Karl Davis, appeals a judgment granting a modification of child custody in favor of appellee, Debra Lynn Wickham. Appellant brings seven points of error claiming the trial court erred by entering judgment based on a Rule 11 [1] agreement entered into as a result of court-ordered mediation when appellant repudiated the settlement agreement and withdrew his consent prior to the rendition of judgment. We reverse and remand for trial.

On October 23, 1992, appellee filed a motion to modify custody of the children from her marriage to appellant. The parties were divorced in 1988, and appellant was named the sole managing conservator in the final

1. Tex.R.Civ.P. 11.

divorce decree. Appellant answered, requested a jury trial, and paid a jury fee. The trial court ordered the parties to mediation and the parties entered into a mediated settlement agreement regarding custody, visitation and child support. Thereafter, the parties and their attorneys entered into a Rule 11 stipulation and settlement agreement based on the mediated settlement agreement to the effect that the parties and their attorneys agreed to be bound by the terms of the mediated settlement agreement and to incorporate it into an agreed order of modification for approval of the court. After signing the Rule 11 agreement and before rendition of the judgment, appellant repudiated the agreement and withdrew his consent to the entry of judgment.

Appellee filed a motion to enter an agreed order based on the Rule 11 stipulation and settlement agreement pursuant to the court-ordered mediated settlement agreement. Appellant filed a motion not to sign the agreed order and to set the case for trial. The court heard both parties' motions and appellant again repudiated the agreement arguing to the court that since he had entered into the Rule 11 agreement, he had discovered new evidence that indicated to him that the Rule 11 agreement and an order based thereon would not, in his opinion, be in the best interests of the children. At the hearing, he again requested a jury trial. The court heard evidence concerning the reasons for the withdrawal of his consent, found them to be without merit, and entered judgment granting the previous Rule 11 agreed order of modification despite the repudiation by appellant of his consent to same. Appellant's motion for new trial was overruled by operation of law.

■ In point of error one, appellant contends that the trial court erred in entering judgment because Kevin Davis repudiated the settlement agreement prior to the rendition of the judgment.

■ If the parties reach a settlement through alternative dispute resolution procedures and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract. TEX.CIV.PRAC. & REM.CODE ANN. 154.071(a) (Vernon 1986 & Supp.1992). Under that section, "a party may enforce the agreement without the other party's consent under contract law." *Stevens v. Snyder,* 874 S.W.2d 241, 243 (Tex.App.–Dallas 1994, writ denied). A court cannot render a valid consent judgment unless, at the time of rendition, all parties consent to the agreement underlying the judgment. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *Cary v. Cary,* 894 S.W.2d 111, 112 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ In *Padilla v. LaFrance,* 907 S.W.2d 454, 461–62 (Tex.1995), the supreme court stated:

> Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract.

> \*   \*   \*   \*   \*   \*

> An action to enforce a settlement agreement, where consent is withdrawn, must be based on proper pleading and proof.

■ Because a mediated settlement agreement is enforceable under contract law, the same procedures used to enforce and enter judgment on other contracts should apply to mediated settlement agreements. When the legislature enacted the alternative dispute resolution statute, it did not order the courts to follow a special procedure applicable only to mediated settlement agreements. It said only that a mediated settlement agreement is enforceable as any other contract. *Martin v. Black,* 909 S.W.2d 192, 195 (Tex.App.—Houston [14th Dist.] 1995, writ requested).

■ The only methods existing under the rules of civil procedure to enforce a contract and obtain a judgment are: (1) summary judgment proceedings, if no fact issue exists; and (2) trial, jury or non-jury, if a fact issue exists. See TEX.R.CIV.P. 166a, 262–270, 295. A trial court may enter a judgment on a

mediated settlement agreement where one of the parties contests his intent to be bound only by following one of these vehicles set out in the rules of civil procedure. *Martin v. Black,* 909 S.W.2d at 196.

The non-jury hearing held by the trial court was solely for the purpose of determining the merits of the motion of appellee to enter the agreed settlement as a final and binding order or to not enter it. If the court had not entered the order, the case would have reverted to its previous pending status.

■ We find that the mediated settlement agreement of the parties is enforceable in the same manner as any other written contract under Section 154.071(a) of the Texas Civil Practices and Remedies Code. We also find that the trial court's hearing on the motions to enter and not enter the Rule 11 agreed order repudiated by appellant before rendition of judgment, was not an "action to enforce a settlement agreement ... based on proper pleading and proof," under *Padilla v. LaFrance,* 907 S.W.2d at 462.

We sustain appellant's point of error number one. Our holding renders consideration of appellant's remaining six points of error unnecessary.

We reverse the judgment of the trial court and remand this case for trial.