Affirmed and Memorandum Opinion
filed April 13, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01002-CV



Deanna Sampson, Appellant 

v.

Carlos Jose
Ayala, Appellee 



On Appeal from
the 328th District Court

Fort Bend County, Texas

Trial Court
Cause No. 07-CV-159905



 

MEMORANDUM OPINION 

This appeal arises out of a suit for modification of
a parent-child relationship, in which a mother and father each sought to modify
terms of possession and visitation.  After mediation on some of the issues, the
parties entered into an agreement with the intent to file it with the court pursuant
to Rule 11 of the Texas Rules of Civil Procedure.  On the day before trial, the
father sought to revoke his consent to some terms of the agreement.  The mother
filed the agreement with the court on the day of trial.  At trial, the mother
argued that the agreement was valid and enforceable; however, the trial court
ruled that the father’s consent to the agreement had been withdrawn.  On
appeal, the mother asserts the trial court erred in the following ways:  (1) by
failing to uphold and enforce the agreement and in finding no valid Rule 11
agreement existed because it was not filed prior to the partial revocation, and
(2) by denying the mother’s motion for a continuance.  We affirm.

I.  Factual and Procedural Background

Appellant Deanna Sampson and appellee Carlos Jose
Ayala are the parents of K.N.A.F., a minor female child.[1]  Under the
terms of the trial court’s original order in a suit affecting the parent-child
relationship, Sampson was appointed sole managing conservator of the child and
Ayala was appointed possessory conservator.  

Ayala, a resident of Wilbarger County, Texas, filed a
petition to modify the parent-child relationship seeking joint managing
conservatorship of the child and to modify terms of his visitation with the
child.  Specifically, Ayala asked the trial court to render an order that Sampson,
a resident of Fort Bend County, Texas, meet him in Ennis, Texas, in order to
drop off or pick up the child for Ayala’s periods of possession.  Sampson filed
a counter-petition to modify the parent-child relationship seeking, among other
things, an order for Ayala to pick up the child from and return the child to
Sampson’s home for Ayala’s visitation with the child.

The parties participated in mediation and reached a partial
mediated settlement agreement on some of the issues.  The remaining issues
ultimately were set for trial on July 15, 2008.  The parties, in May 2008,
entered into a written agreement (“Agreement”) with the following terms:  

(1)  Both
parties will give 30 days’ notice before any international travel and will
offer a detailed schedule of travel plans and destination.

(2)  Ayala can
pick up and drop off the child in Conroe, Texas, on the weekends he has
visitation with the child.  Alternatively, the parties can agree to pick up and
drop off the child at the home of the child’s maternal grandparents in Richland
Springs, Texas.

(3)  Arrearage payments will
continue as scheduled until paid in full.

(4)  Ayala will receive two weeks
in June and two weeks in July with the child, subject to change based on the
parties’ agreement.

The parties intended to file
the Agreement in accordance with Rule 11 of the Texas Rules of Civil Procedure.

On July 14, 2008, the day before trial, Ayala sought
to revoke his consent to several provisions of the Agreement in a document sent
by facsimile to Sampson’s trial counsel.  Although the facsimile is not part of
the record before this court, a transcript of the proceeding that occurred on the
following day reflects some of the parties’ arguments pertaining to Ayala’s
withdrawal of his consent to provisions 2, 3, and 4 of the Agreement.  

On July 15, 2008, the trial date, Sampson filed the Agreement
with the court.  The record reflects that the trial court called the case to
trial.  At the proceeding, Sampson objected to going forward with trial,
claiming that she did not receive 45 days’ notice of the trial setting.  Sampson
argued that she was precluded from preparing for trial because she did not
receive notice of Ayala’s withdrawal of consent from the Agreement until the
day of or the day before trial.  According to Sampson, the Agreement was valid
and enforceable because she filed it before she sought to enforce it.  The
trial court made the following comment:

[TRIAL COURT]:  The—before we went on the [r]ecord, I
heard argument from both of y’all with respect to that Rule 11 agreement.  It
seems to me to be very clear, that Rule 11 agreement was withdrawn.  Rule 11
agreement is only an agreement and any party can withdraw their agreement prior
to trial.  I noted that that agreement was withdrawn.  It was very clear to me
prior to trial that that agreement was withdrawn.  The Rule 11 agreement is
withdrawn.  Now, relative to—let’s move on to stipulations.

Sampson asked for a ruling on
her objection that she did not receive notice of Ayala’s rescission, which she
claimed precluded her from preparing for trial.  Sampson denied that the Agreement
was withdrawn and asked for a finding as to “what was clear before we got on
the [r]ecord as to whether or not it was clear that this was withdrawn.”  In
response, the trial court noted the following:

[TRIAL COURT]:  And I understand that you don’t agree
with it being withdrawn.  However, it was very clear to me that [Ayala’s trial
counsel] was withdrawing their agreement to the Rule 11 letter and I so fine
[sic] as such.  Because prior to trial, the Rule 11 agreement was withdrawn,
there is no Rule 11 agreement.  Now, with respect to stipulations . . . . 

Sampson’s counsel objected
again, asserting that she was unprepared to proceed with trial and claimed that
she had a hearing in another county that afternoon.  The trial court noted that
on that morning, the parties had announced that they were ready to proceed.  The
trial court offered a brief recess for Sampson’s counsel to make alternative
arrangements for that hearing.  

Sampson did not file a written motion for
continuance, but re-urged her complaint that she had no notice because Ayala
withdrew his consent to the second and third provisions of the Agreement.  The
trial court did not rule on the objection.  Sampson agreed to stipulate to the
first provision of the Agreement.  As to whether the parties agreed to
stipulate to the terms of the fourth provision, Sampson argued that, at the
time of the hearing, Ayala had possession of the child under the terms of the Agreement. 
Sampson asked the trial court, “How is [Ayala’s trial counsel] able to rescind
the agreement but then she is able to rescind only select provisions of the
agreement?”  The trial court responded:

[TRIAL COURT]:  Rule 11 agreement is withdrawn.  Now,
what I am going to allow you folks to do, you have a mediated settlement
agreement that is enforceable.  If you folks want to enter any further
stipulations that may or may not have been part of that Rule 11 agreement,
y’all are welcome to do that.  Y’all are welcome to do that but it won’t be
pursuant to a Rule 11 agreement.

            It appears from
the record that a trial was conducted, although that proceeding is not included
in the record on appeal.  The trial court entered an order on modification of
the parent-child relationship.  Under the terms of the trial court’s order, the
parties shared joint managing conservatorship of the child and the parties were
to meet in Ennis, Texas, to pick up and drop off the child for visitation with
Ayala.

Sampson filed a motion for new trial, asking the
trial court to reconsider its ruling on the Agreement.  According to Sampson’s
motion, the trial court should have enforced the Agreement because Ayala’s
partial withdrawal of consent was not effective as a partial rescission.  At
the hearing on the motion, the trial court noted that the Agreement was
withdrawn on July 14th, there was no valid Rule 11 agreement on file when the
parties went to trial on July 15th, and no notice of hearing was filed to
reconstitute the agreement.  The trial court did not grant a new trial. 
Sampson now claims on appeal that the trial court should have upheld and
enforced the Agreement as a Rule 11 agreement.

II.  Issues and Analysis

A.        Enforcement of
the Agreement in the Trial Court

            As a threshold
matter, we note that we are unable to determine whether reversible error
occurred because we do not have the entire record.  The only portions of the
record before this court are the clerk’s record, a thirteen-page “Excerpt of
Objections and Stipulations” made before trial and a transcript of the hearing
on Sampson’s motion for new trial.  Sampson has not followed the steps set
forth in the Texas Rules of Appellate Procedure for an appeal based on a partial
reporter’s record.  See Tex. R.
App. P. 34.6(c).  The record does not reflect that Sampson requested a
partial reporter’s record nor does the record show that Sampson submitted a
statement of points or issues to be presented on appeal, as required by Rule
34.6(c)(1).  See id.  Because Sampson failed to comply with Rule
34.6(c), and because our appellate record does not contain a complete record of
the trial, we must presume that the omitted portions are relevant to the
disposition of this appeal and that they support the denial of Sampson’s motion
for new trial.  See Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002).  When,
as in this case, a party completely fails to submit a statement of points of
issues, Rule 34.6 requires this court to affirm the trial court’s
judgment.  Id.  

            Even if Sampson
had complied with Rule 34.6(c), this court still would find no merit in
Sampson’s first two issues.  In the first, Sampson asserts that the trial court
reversibly erred in finding that no valid Rule 11 agreement existed.  In the
second, Sampson asserts the trial court reversibly erred in permitting Ayala to
withdraw his consent, wholly or partially, to the Agreement.  According to
Sampson, Rule 11 and Padilla v. LaFrance, 907 S.W.2d 454 (Tex. 1995),
support her contention that a Rule 11 agreement must be filed prior to its
enforcement in order for it to be upheld and that withdrawal of a party’s
consent to a Rule 11 agreement does not render the settlement unenforceable.  

A trial court’s decision regarding enforcement of a
Rule 11 agreement is reviewed for abuse of discretion.  See Mantas v. Fifth
Court of Appeals, 925 S.W.2d 656, 659 (Tex. 1996); Staley v. Herblin,
188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied).  A trial judge has no
discretion in determining what the law is or in applying the law to the facts
of a case.  Staley, 188 S.W.3d at 336.  The test for abuse of discretion
is whether the trial court acted without reference to any guiding rules and
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241
(Tex. 1985).  Abuse of discretion is shown when a trial judge fails to analyze
or apply the law correctly.  Staley, 188 S.W.3d at 336.

Rule 11 of the Texas Rules of Civil Procedure,
entitled “Agreements to be in Writing,” provides as follows:

Unless otherwise provided in these rules, no agreement
between attorneys or parties touching any suit pending will be enforced unless
it be in writing, signed and filed with the papers as part of the record, or
unless it be made in open court and entered of record.

Tex. R. Civ. P. 11.  An agreement satisfies the requirements
of Rule 11 if it is (1) in writing, (2) signed, and (3) “filed with the papers
as part of the record.”  Tex. R. Civ. P.
11; Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995).  Rule 11 does
not prescribe when the written agreement must be filed.  Padilla, 907
S.W.2d at 461.  The purpose of the filing requirement is to put the agreement
before the trial court so that the trial court may judge its import and act
upon it.  See id.  Therefore, the purpose of filing is satisfied as long
as “the agreement is filed before it is sought to be enforced.”  Id.
(determining that filing an agreement along with motion for summary judgment
satisfied requirement of filing).  If an agreement is filed before the trial
court renders its judgment and before the judgment becomes final, the agreement
will comply with Rule 11.  In re Guthrie, 45 S.W.3d 719, 728 (Tex.
App.—Dallas 2001, pet. denied) (enforcing Rule 11 agreement even though it was
not filed until trial, because it was filed before the trial court rendered
judgment and may be enforced as to “any suit pending”). 

            The parties do
not dispute that a written and signed agreement existed, nor do the parties
dispute that Sampson attempted to file the Agreement on the day of trial.  See
Tex. R. Civ. P. 11 (requiring
enforcement of a written and signed agreement that is filed as part of the
record).  However, the parties dispute whether the trial court could enforce
the Agreement given the undisputed fact that Ayala withdrew his consent, in
whole or in part, before the Agreement was filed.  

A trial court cannot render a valid agreed judgment
absent a party’s consent at the time it is rendered; however, after proper
notice and hearing, a trial court is not precluded from enforcing a settlement
agreement that complies with Rule 11 even though one party no longer consents
to the terms of the settlement.  See Padilla, 907 S.W.2d at 461; ExxonMobil
Corp. v. Valence Operating Co., 174 S.W.3d 303, 309 (Tex. App.—Houston [1st
Dist.] 2005, pet. denied); see also Staley, 188 S.W.3d at 336.  In
such a case, a party may seek to enforce the agreement under contract law.  Mantas,
925 S.W.2d at 658; Padilla, 907 S.W.2d at 461; Staley, 188 S.W.3d
at 336.  A claim to enforce a disputed settlement agreement may be raised
through an amended pleading or counterclaim asserting breach of contract.  Padilla,
907 S.W.2d at 462; Staley, 188 S.W.3d at 336.  

These actions, however, must be based on proper
pleading and proof.  See Mantas, 925 S.W.2d at 658; Padilla, 907
S.W.2d at 462 (involving a party’s counterclaim seeking enforcement of the
parties’ agreement and the parties’ motions for summary judgment on that claim
in which the summary-judgment evidence established an enforceable settlement
agreement as a matter of law); see also Quintero v. Jim Walter Homes, Inc.,
654 S.W.2d 442, 444 (Tex. 1983) (“The validity of the settlement agreement,
however, may not be determined without proper pleadings and full resolution of
the surrounding facts and circumstances.”).  To allow enforcement of a disputed
settlement agreement simply on a party’s motion and hearing deprives a party of
the right to be confronted by appropriate pleadings, assert defenses, conduct
discovery, and submit contested fact issues to a fact finder.  Staley,
188 S.W.3d at 336–37.  After proper pleading and proof, a contract may
be enforced and a party may obtain a judgment thereon under the Texas Rules of
Civil Procedure through summary-judgment proceedings, if no fact issue exists,
and by non-jury trial or jury trial, if a fact issue exists.  See Davis v.
Wickham, 917 S.W.2d 414, 416 (Tex. App.—Houston [14th Dist.] 1996, no
pet.); see also Tex. R. Civ. P.
166a, 262–270, 295.  A trial court may render judgment on a settlement
agreement when one of the parties contests his consent to be bound only by
following one of these procedural vehicles.  Davis, 917 S.W.2d at 416–17
(involving judgment rendered on mediated settlement agreement).  

In Padilla, the Supreme Court of Texas
determined that even though one party had withdrawn consent to a Rule 11
agreement before it was filed, the agreement was still enforceable because the
other party filed a counterclaim seeking enforcement of the parties’ agreement
and both parties moved for summary judgment on that claim.  See Padilla,
907 S.W.2d at 462.  According to the Padilla court, because the
summary-judgment evidence established an enforceable settlement agreement as a
matter of law, the trial court should have enforced the agreement.  See id. 


It is undisputed that Ayala revoked his consent to
some or all provisions of the Agreement prior to trial and prior to the trial
court’s judgment.  Although Sampson complains that the trial court abused its
discretion in allowing Ayala to withdraw his consent to the Agreement, a party
can withdraw consent to a Rule 11 agreement at any time before rendition of
judgment.  See Quintero, 654 S.W.2d at 444; ExxonMobil Corp.,
174 S.W.3d at 309.  Sampson points to Padilla and asserts that the Agreement
should have been enforced despite Ayala’s withdrawal of his consent because the
Agreement was filed before the start of trial.  We construe Sampson’s argument
as attempting to equate the trial on the parties’ petitions for modification of
the parent-child relationship with seeking enforcement of the Agreement; however,
Sampson provides no authority to support this notion.  See Davis, 917
S.W.2d at 417 (concluding that a proceeding on the parties’ motions to render or
not render judgment on a Rule 11 agreement, which was repudiated by one party
before rendition of judgment, was “not an action to enforce a settlement
agreement . . . based on proper pleading and proof” under Padilla).  Sampson
does not point to any place in the record showing that she pleaded and offered
proof in support of enforcement of the Agreement; likewise, our own independent
review of the record reveals no pleadings in this regard.  See Padilla,
907 S.W.2d at 462 (concluding trial court should have enforced the Rule 11
agreement because the parties filed a counterclaim and motions for summary
judgment pertaining to the enforcement of the agreement); Davis, 917
S.W.2d at 417 (concluding a hearing on parties’ motions for judgment based on a
Rule 11 agreement was not an action to enforce the settlement agreement); see
also Quintero, 654 S.W.2d at 444 (involving settlement agreement
providing for release of claims; however only pleading before the trial court
was a joint motion to dismiss upon which the trial court rendered dismissal).  

The record reflects the Agreement was filed with the
trial court after Ayala revoked his consent; however, Sampson did not seek to
enforce the Agreement by amended pleading or an independent suit.  See Davis,
917 S.W.2d at 417.  Sampson did not file an amended pleading or counterclaim asserting
a breach-of-contract claim.  See Padilla, 907 S.W.2d at 462 (providing
that enforcement of a settlement agreement in which a party has revoked consent
can be enforced through amended pleadings or a counterclaim asserting a
breach-of-contract action).  Ayala was entitled to be confronted by appropriate
pleadings, assert defenses, conduct discovery, and submit contested issues of
fact to the trier of fact.  See Staley, 188 S.W.3d at 337.  The trial
court could enforce the Agreement only as a written contract subject to proper
pleadings and proof.  See Mantas, 925 S.W.2d at 658; Staley, 188
S.W.3d at 337.  Because Sampson did not file the requisite pleadings and
proof, Sampson’s reliance on Padilla is not supported.  See Padilla,
907 S.W.2d at 462 (determining that counterclaim and summary-judgment evidence
established existence of Rule 11 agreement as a matter of law that should have
been enforced).  

Sampson contends she did not have an opportunity to
file a motion to enforce the Agreement and cites Rule 21 of the Texas Rules of
Civil Procedure as requiring three days’ notice to other parties of any hearing
for an application to the court for an order.[2] 
See Tex. R. Civ. P. 21.  Rule
21, entitled “Filing and Serving Pleadings and Motions,” provides in relevant
part

An application to the court for an order and notice of
any hearing thereon, not presented during a hearing or trial, shall be
served upon all other parties not less than three days before the time
specified for the hearing unless otherwise provided by these rules or shortened
by the court.

Id. (emphasis added).  Notably, Rule 21 specifically
excepts pleadings and motions “presented during a hearing or trial” from the
requirement of three days’ notice.  Id.; see Owens v. Neely, 866
S.W.2d 716, 720 (Tex. App.—Houston [14th Dist.] 1993, writ denied).  Sampson
has provided no other authority in support of her contention. 

Based on the forgoing, even if Sampson had complied
with Rule 34.6(c), we still would conclude the trial court did not err in
failing to enforce the Agreement under Rule 11.  See Davis, 917 S.W.2d
at 417.  We overrule Sampson’s first and second issues.  

B.        Requests for
Resetting in the Trial Court

            In a third issue,
Sampson asserts that the trial court erred in denying her opportunity to
prepare for trial by refusing to reset the trial.  According to Sampson, the
trial court abused its discretion in failing to grant Sampson a reset and an
opportunity to enforce the Agreement by forcing her to trial.  Sampson points
to mandatory language in Texas Rule of Civil Procedure 245, entitled
“Assignment of Cases of Trial,” requiring forty-five days’ notice of a trial
setting, and claims that failure to give reasonable notice of a trial setting
is a violation of due process rights.  Sampson’s request for a reset was tantamount
to a request for a continuance.  We review a trial court’s denial of a motion
for continuance under an abuse-of-discretion standard.  See Carpenter v.
Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 685 (Tex. 2002).  

            Rule 245 provides
in relevant part, 

The Court may set contested cases on written request of
any party, or on the court’s own motion, with reasonable notice of not less
than forty-five days to the parties of a first setting for trial, or by
agreement of the parties; provided, however, that when a case previously has
been set for trial, the Court may reset said contested case to a later date on
any reasonable notice to the parties or by agreement of the parties.  

Tex. R. Civ. P. 245.  A party is entitled to forty-five days’
notice only with the first trial setting.  Id.  When the setting in
question is not the first setting, parties are entitled to reasonable notice
under Rule 245.  Id.; see Osborn v. Osborn, 961 S.W.2d 408, 411
(Tex. App.—Houston [1st Dist.] 1997, pet. denied).  A court examines the facts
of the individual case in determining what constitutes reasonable notice for a
subsequent setting under Rule 245.  See O’Connell v. O’Connell, 843
S.W.2d 212, 215 (Tex. App.—Texarkana 1992, no writ).  

The record before this court reflects that the July
15, 2008 setting was not the first trial setting.  According to the record, at
one time trial was set for June 3, 2008.  On May 30, 2008, Ayala sought a
continuance, alleging that a recent death in the family prevented him from
completing family matters in time to attend trial.  The trial court granted
Ayala’s motion for continuance on June 3, 2008, and reset the trial for July
15, 2008.  Nothing in the record shows that Sampson objected to this trial setting
or filed a written motion for continuance.  Although she points to documents
supporting her contention that the proceeding was intended to be an entry of
judgment, the documents to which Sampson refers are not part of the record
before this court.  Because the trial court already had granted a continuance
and reset the trial to July 15, 2008, only reasonable notice or agreement by
the parties was required.  See Tex.
R. Civ. P. 245; see also O’Connell, 843 S.W.2d at 216–17
(concluding that eight days’ actual notice was reasonable when case had been
set and reset for trial three times and a fourth trial setting was probable).  Furthermore,
we note that Sampson’s request for a continuance was not made in writing as
required by Texas Rule of Civil Procedure 251. See Tex. R. Civ. P. 251 (providing that a
party moving for continuance must show sufficient cause supported by affidavit,
consent of the parties, or by operation of law).  On this basis alone, the
trial court would not have abused its discretion in denying the continuance.  See
id.; Dempsey v. Dempsey, 227 S.W.3d 771, 776 & n.1(Tex. App.—El
Paso 2005, no pet.) (providing that a trial court does not abuse its
discretion in denying a party’s oral motion for continuance that failed to comply
with Rule 251 and that a party’s oral request for continuance, which is not in
writing, does not preserve error).  Under these circumstances, the trial court
did not abuse its discretion in failing to grant Sampson’s request for a reset
of the trial date.  We therefore overrule Sampson’s third issue.

C.        Rulings on
Pending Motions

            On the day this
case was set for oral argument before this court, Sampson filed a motion
seeking abatement of the appellate proceedings so that Sampson would have an
opportunity to amend the pleadings to assert a breach-of-contract claim.  In
Sampson’s motion, she asserts that she had no opportunity to seek enforcement
of the Agreement and relies on the premise that she would have been required to
provide three days’ notice of a hearing.  This argument is the same argument Sampson
presents on appeal regarding Rule 21, which we have rejected.[3]  Sampson
also refers to the fact that she was denied a continuance at trial, which she
claims deprived her of an opportunity to enforce the Agreement, because “there
was no need to seek enforcement until less than 24 hours of the day of trial.” 
In her motion, Sampson relies on the case of Mantas v. Fifth Circuit Court
of Appeals for two propositions: (1) when a dispute arises while the underlying
action is on appeal, the party seeking enforcement of an agreement must file a
separate breach-of-contract action, and (2) abatement is proper in the interest
of judicial economy to avoid ruling on a moot case.  See 925 S.W.2d at 658,
659.  However, Sampson’s reliance on Mantas is misplaced because it is factually
distinguishable from the case at hand in two ways.  First, the disputed
settlement agreement in Mantas arose on appeal after the appellate court
ordered mediation and not in the trial court as in the case at hand.  See
id. at 658.  Second, the party seeking enforcement of the agreement in Mantas
already had filed a separate breach-of-contract action that was pending as a
separate action in the trial court.  See id.  On this basis and for
the same reasons stated above in overruling Sampson’s three issues on appeal,
we overrule Sampson’s motion to abate.

            We, likewise, consider
Ayala’s motion for sanctions, in which Ayala seeks sanctions under Texas Rule
of Appellate Procedure 45, entitled “Damages for Frivolous Appeals in Civil Cases.” 
Ayala asks this court to award damages against Sampson for filing the motion to
abate on the day of oral argument.  Under Rule 45, an appellate court first must
determine that an appeal is “frivolous” before it can consider awarding “just
damages” to a prevailing party.  Tex. R.
App. P. 45.  Sampson’s filing of the motion to abate does not make this
appeal frivolous.  We conclude this is not a frivolous appeal and that Ayala is
entitled to no relief under Rule 45.  Accordingly, we deny Ayala’s request for
sanctions.

            The
trial court’s judgment is affirmed.

                                                                                                                                                                                                                                                                                                                                                                              
                                    

                                                                         /s/   
   Kem Thompson Frost

                                                                              
     Justice

 

 

 

Panel consists of
Justices Frost, Boyce, and Sullivan.









[1]
To protect the privacy of the child, we identify her by her initials.  See
Tex. Fam. Code Ann. § 109.002(d) (Vernon 2009). 





[2]
Sampson also argues that because the parties were set for entry of judgment,
and not for trial, and because the trial court ordered the parties to trial,
Sampson was prevented from receiving forty-five days’ notice of trial, which in
turn, prevented her from having the opportunity to file a motion to enforce. 
Although Sampson points to correspondence between the parties to support her
assertion that the proceeding on July 15, 2008, was intended to be an entry of
judgment instead of a trial, those documents are not part of the record, and,
therefore, may not be considered.  Nothing in the record before this court
suggests that the proceeding was not a trial setting.  Furthermore, we address
Sampson’s arguments regarding notice of trial in her third issue below.





[3]
See Part II, A, supra.