**Reversed and Remanded and Memorandum Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00113-CV

---

## CARLTON ENERGY GROUP, LLC AND THOMAS O'DELL, Appellants

## V.

## SAM G. PAL, Appellee

---

**On Appeal from the County Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 942271**

---

## M E M O R A N D U M   O P I N I O N

Appellants, Carlton Energy Group, LLC and Thomas O'Dell, appeal a judgment rendered on a settlement agreement in appellee, Sam G. Pal's, breach-of-contract suit. In their sole issue, appellants contend the trial court erred by rendering judgment because (1) appellants had previously withdrawn their consent to settlement and entry of an agreed judgment, and (2) Pal did not plead and prove a claim for breach of the settlement agreement to support a judgment on the agreement despite appellants' withdrawal of consent. We reverse and remand.

BACKGROUND

Pal sued appellants for breach of contract based on their alleged failure to repay a loan made by Pal to Carlton Energy Group, LLC, for which O'Dell, its chairman and managing director, personally guaranteed repayment. Appellants filed a counterclaim, alleging the contract was void as usurious.

On April 29, 2010, the parties executed a Rule 11 agreement ("the settlement agreement") resolving the case under the following terms: (1) appellants would consent to an agreed judgment in favor of Pal for the full principal due, plus interest. attorneys fees, and costs of court, in a total amount not to exceed $35,000.00; (2) the parties would file a motion to abate the suit and refrain from filing the agreed judgment for six months; and (3) the parties would file a joint motion to dismiss if appellants paid the amount due under the agreed judgment within the six-month period. Subsequently, the Rule 11 agreement was filed in the trial court. According to Pal, appellants did not pay the amount due under the proposed agreed judgment within the six-month period.

There is no reporter's record of any trial court proceedings. However, it is undisputed that the trial court conducted a hearing on October 15, 2010 relative to entry of judgment and then reset the matter for another hearing on November 12, 2010. As we will further discuss, appellants assert in their appellate brief and counsel's affidavit supporting appellants' motion for new trial that, during both hearings, appellants informed the trial court they had withdrawn consent to settlement and entry of an agreed judgment.

On November 12, 2010, the trial court signed a final judgment. Although the word "Agreed" is not included in the title of the judgment, the court effectively recited therein that it was rendering an agreed judgment on the settlement agreement:

> On the 12th day of November, 2010 came on to be considered the above-entitled and numbered cause. Plaintiff, [Pal] appeared by and through his attorney of record, and Defendants, Thomas C. O'Dell and Carlton Energy Group, L.L.C., evidenced their consent to the entry of this Judgment by the signature of their attorney of record appearing below. The parties

2

announced that all facts and things in controversy have been settled pursuant to the terms of a Rule 11 Agreement duly filed with this Court on May 3, 2010, and requested the Court enter the following Order.

The court then ordered that Pal recover $25,000 in principal, $2,515.32 in pre-judgment interest, $7,000 in attorneys' fees, and post-judgment interest from appellants. The court also ordered dismissal of appellants' counterclaim. Contrary to the above-quoted recitation, the judgment does not contain the signature of appellants' attorney, and the space reserved for his signature is left blank.

Appellants timely filed a motion for new trial on the grounds that, before judgment was rendered, they withdrew their consent to settlement and entry of an agreed judgment and Pal did not plead and prove validity of the settlement agreement. The trial court denied the motion by written order.

## ANALYSIS

A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). The party must effectively communicate its withdrawal of consent to the trial court. *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *First Heights Bank, FSB v. Marom*, 934 S.W.2d 843, 845 (Tex. App.—Houston [14th Dist.] 1996, no writ)). "The proper inquiry is whether the information in the trial court's possession is clearly sufficient and of such a nature as to put the court on notice that a party's consent is lacking. . . ." *Id.* (citing *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi 1995, no writ)). A trial court may not render an agreed judgment on a settlement agreement that lacks a party's consent at the time judgment is rendered. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Quintero*, 654 S.W.2d at 444.

A written settlement agreement may be enforced although one party withdraws consent before judgment is rendered on the agreement; however, the party seeking

3

enforcement must pursue a separate breach-of-contract claim, which is subject to the usual rules of pleading and proof. *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Padilla*, 907 S.W.2d at 461–62; *see Quintero*, 654 S.W.2d at 444. After proper pleading and proof, a party may obtain a judgment enforcing the contract through summary-judgment proceedings, if no fact issue exists, or by non-jury or jury trial, if a fact issue exists. *Davis v. Wickham*, 917 S.W.2d 414, 416 (Tex. App.—Houston [14th Dist.] 1996, no writ). If one party withdraws his consent to a settlement agreement, the trial court may render judgment on the agreement only through one of the above-outlined procedural vehicles. *Id.* at 416–17.

In their sole issue, appellants contend the trial court erred by rendering an "agreed" judgment on the settlement agreement because appellants had previously informed the trial court that they withdrew consent to settlement and entry of an agreed judgment. We agree.

As we have mentioned, there is no reporter's record of any trial court proceedings. Further, the appellate record includes no written withdrawal of consent filed in the trial court before it rendered judgment. However, in the "Statement of The Facts" section of appellants' brief, they initially assert,

> On October 15, 2010 and November 12, 2010, [Pal] and appellants appeared thru [sic] their attorneys of record in the trial court for entry of a proposed judgment filed by [Pal] and based solely on [the] Rule 11 settlement agreement ("the Agreement"). . . . On October 15, 2010 and November 12, 2010, Appellants expressly withdrew their consent to the Agreement and entry of any judgment based upon the Agreement prior to entry of judgment.

In the same section, appellants later recite more details regarding their withdrawal of consent:

> At the October 15, 2010 hearing on entry of judgment, Appellants' counsel informed the trial court and [Pal's] counsel that Appellants had withdrawn their consent to settlement and withdrawn their consent to any agreed judgment pursuant to the Agreement, including the Judgment. Appellants' counsel also informed the trial court and [Pal's] counsel that Appellants'

4

counsel no longer had authority from Appellants to agree to the Judgment. The trial court reset entry of judgment for November 12, 2010 in part because of Appellants' counsel having informed the trial court of Appellants' withdrawal of their consent to the Agreement and any judgment pursuant to the Agreement. At the November 12, 2010 hearing on entry of the Judgment, Appellants' counsel again informed the trial court and [Pal's] counsel that Appellants had withdrawn their consent to the Agreement and withdrawn their consent to any agreed judgment pursuant to the Agreement. At the November 12, 2010 hearing on entry of the Judgment, Appellants' counsel also informed the trial court and [Pal's] counsel that Appellants' counsel no longer had authority from Appellants to agree to any judgment pursuant to the Agreement. Despite Appellants' withdrawal of their consent to the Agreement and any agreed judgment pursuant to the Agreement, the trial court entered the Judgment on November 12, 2010 based solely on the Agreement.

(internal record references omitted).

To support the factual assertions in their brief, appellants reference affidavits attached to their motion for new trial. In his affidavit, appellants' counsel averred,

> . . . Prior to October 15, 2010, I was instructed by Thomas C. O'Dell that he had withdrawn consent to the April 28, 2010 Rule 11 settlement agreement in the above cited cause for himself and Carlton Energy Group, LLC. Prior to October 15, 2010, Thomas C. O'Dell instructed me that he had withdrawn consent for himself and Carlton Energy Group, LLC to any judgment in the above cited cause. Prior to October 15, 2010 and at all times thereafter, I did not have authority to sign any agreed judgment in the above cited cause on behalf of Thomas C. O'Dell and Carlton Energy Group, LLC.

> . . . At the October 15, 2010 and November 12, 2010 hearings on entry of judgment in the above cited cause, I informed this Honorable Court and [Pal's] counsel that 1) prior to the October 15, 2010 hearing, Thomas C. O'Dell and Carlton Energy Group, LLC had withdrawn their consent to settlement and withdrawn their consent to any agreed judgment in the present case and 2) I did not have authority to sign any agreed judgment in the present cause.[1]

---

[1] Appellants also reference O'Dell's affidavit, averring he informed appellants' counsel before the October 15, 2010 hearing that appellants no longer consented to the settlement or entry of an agreed judgment and counsel was not authorized to sign an agreed judgment on appellants' behalf. These averments mirror the testimony in counsel's affidavit regarding the information relayed to him by appellants. Counsel's affidavit is the one pertinent to this appeal because the relevant point is that counsel

In a civil case, we accept as true facts asserted in the "Statement of Facts" section of an appellant's brief unless controverted by another party. Tex. R. App. P. 38.1(g). In his appellate brief, Pal essentially does not dispute that appellants' counsel told the trial court and Pal's counsel in open court that appellants had withdrawn consent to the settlement agreement and entry of an agreed judgment, as set forth in the above-quoted factual assertions in appellants' brief. Instead, in his own "Statement of Facts" section, Pal states the following relative to the alleged withdrawal of consent:

> At no time before either hearing or the November 12, 2010 judgment did Appellants *file* a motion for continuance or any sort of notice of withdrawal of their consent to the Rule 11 Agreement. Additionally, prior to the rendition of the judgment *the record does not show* Appellants advised the court that they had withdrawn their consent to the Rule 11 Agreement and reflects no objection to the rendition of the judgment based upon Appellants' withdrawal of their consent to the agreed judgment. . . .

> On December 10, 2010 Appellants filed a motion for new trial and for the first time *filed* any formal notice or statement that they asserted the judgment should not have been rendered based on the Rule 11 Agreement because they had withdrawn their consent to the agreement.

(emphasis added). Then, in the body of his argument, Pal states,

> . . . *the record reflects* no such withdrawal of consent was effectively communicated to the trial court prior to the judgment of November 12, 2010. There is also *no evidence* of Appellants' objection to the judgment based on withdrawal of consent before it was rendered. Appellants did not *file* any sort of notice of withdrawal of consent before the judgment. And the appellate record reveals *no docket entry, record or other indication* from the trial court itself that it was aware of any withdrawal of consent before it rendered the judgment.

(emphasis added).

Pal's statement that appellants failed to "file" any written notice regarding withdrawal of consent before the trial court rendered judgment, albeit correct, does not

---

then informed the trial court regarding appellants' withdrawal of consent. In his affidavit, O'Dell also sets forth the reasons that appellants withdrew consent to the settlement; however, the reasons are not relevant to the present inquiry, which concerns merely whether appellants informed the trial court regarding the withdrawal.

contradict appellants' assertion they provided *oral* notification during both hearings. Moreover, Pal does not cite, and we have not found, any portion of the record affirmatively negating appellants' assertion that they provided such oral notification. Thus, we construe Pal's above-quoted statements as suggesting there is no record— reporter's or otherwise—demonstrating appellants provided such oral notification. However, Pal's suggestion that there is no record of any such notification does not controvert appellants' assertion that it was provided. Further, Pal's statement that there is no notation by the trial court in the record indicating it was aware of the withdrawal of consent does not controvert appellants' assertion that they provided oral notification.

Absent in Pal's appellate brief is any statement actually disputing appellants' assertion that, during both hearings, appellants' counsel orally informed the trial court of appellants' withdrawal of consent prior to rendition of judgment. Therefore, we accept appellants' assertion as true pursuant to Rule 38.1(g). *See id.*; *Verm v. Harris Cnty. Appraisal Dist.*, No. 14-06-01046-CV, 2008 WL 2580041, at *2 (Tex. App.—Houston [14th Dist.] July 1, 2008, no pet.) (mem. op.) (accepting as true, despite lack of reporter's record, appellant property owner's uncontroverted factual assertion in appellate brief that, during hearing, it requested certain appraised value and appellee taxing authority "concurred," when concluding owner and taxing authority had reached enforceable agreement on value).

Additionally, contrary to Pal's suggestion, there is evidence in the record, particularly counsel's affidavit, supporting appellants' assertion that, during both hearings, they informed the trial court regarding their withdrawal of consent. Therefore, appellants do not rely solely on factual assertions in their brief to prove they provided such notification, although the affidavit is not quite as detailed as the factual assertions in their brief.[2] On appeal, Pal argues that the averments in the affidavit were "insufficient,

---

[2] We recognize that the motion for new trial and supporting affidavit were insufficient alone to constitute notification to the trial court regarding withdrawal of consent because they were filed after it rendered judgment. However, the affidavit at least support appellants' assertion that their counsel provided oral notification regarding withdrawal of consent to the trial court *before* it rendered judgment.

uncorroborated," but he cites no authority demonstrating testimony in an affidavit must be corroborated. Importantly, the record does not include any response to appellants' motion for new trial or controverting evidence filed by Pal in response to the affidavit.

We acknowledge the trial court recited in the judgment that, during the November 12, 2010 hearing, the parties advised the court the case had been settled and requested the court to enter judgment. A recital in a judgment is presumed to be true; however, the presumption is rebutted when a conflict exists between the recital in the judgment and the record. *Bennett v. Lacy*, No. 14-03-00530-CV, 2003 WL 22945637, at *2 (Tex. App.—Houston [14th Dist.] Dec. 16, 2003, no pet.) (mem. op.) (citing *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.); *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852–53 (Tex. App.—Houston [14th Dist.] 1997, no writ); *MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex. App.—Dallas 1992, no writ)). In this case, appellants have rebutted the above-cited recital in the judgment.

Moreover, as we have mentioned, contrary to another recital in the judgment, appellants did not "evidence[] their consent to the entry of this Judgment" by their counsel's signature on the judgment. We recognize appellants do not base their contention regarding withdrawal of consent on the absence of counsel's signature. Instead, they emphasize their notification regarding withdrawal of consent expressed at the hearings. However, the absence of counsel's signature is significant to the extent there is no consent of appellants reflected on the judgment to controvert their contention that they had previously informed the trial court regarding their withdrawal of consent.

Finally, Pal argues that appellants waived their complaint by failing to request findings of fact and conclusions of law relative to "any pre-judgment notice of withdrawal of consent." However, we do not construe the question of whether appellants provided such notification as a factual dispute requiring a fact finder's resolution of evidence or a legal issue. Rather, their notification regarding withdrawal of consent is more akin to an objection; thus, the only inquiry is whether the withdrawal was articulated to the trial court. *See Camberg*, 247 S.W.3d at 346. Consequently, we need

8

not consider any purported effects of appellants' failure to request findings of fact and conclusions of law.

In sum, the trial court erred by rendering an "agreed" judgment based on the settlement agreement. As appellants further contend and Pal effectively acknowledges, he did not plead and prove a claim for breach of the settlement agreement; he pleaded only a claim for breach of the underlying loan contract. Consequently, we may not uphold the judgment on the alternative ground that appellants breached the settlement agreement, although Pal is not foreclosed from attempting to plead and prove such a claim. *See Quintero*, 654 S.W.2d at 444 (holding that reversal of "agreed" judgment on ground one party had withdrawn consent before rendition of judgment did not prejudice other party's right to enforce agreement as contract and therefore remanding for further proceedings).

Accordingly, we sustain appellants' sole issue, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.

/s/     Charles W. Seymore
        Justice

Panel consists of Justices Frost, Seymore, and Jamison.

9