**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00432-CV**
_____

**WAYNE W. LEWOCZKO AND ANDREA FAHRENTHOLD, Appellants**

**V.**

**KAREN KAY CREWS AND APRIL SOUND PROPERTY OWNERS'
ASSOCIATION INC., Appellees**

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 18-02-01524-CV**

**MEMORANDUM OPINION**

Appellants Wayne W. Lewoczko and Andrea Fahrenthold appeal the trial

court's judgment based on a mediated settlement agreement. In one issue, Appellants

argue the trial court erred in rendering judgment on the settlement agreement

because Appellants revoked their agreement after Appellee April Sound Property

Owners' Association, Inc. (ASPOA) breached the agreement. For the reasons

explained below, we reverse and remand.

1

## Background

In 2018, Appellee Karen Kay Crews filed her First Amended Original Petition for Declaratory Judgment, Application and Affidavit for Temporary Restraining Order and Temporary Injunction against ASPOA, Lewoczko, Fahrenthold, and Georgette Whatley (collectively "Defendants").[1] Crews, a homeowner in the April Sound subdivision, alleged that ASPOA had unlawfully allowed the other Defendants to submit an invalid petition calling for a special meeting to remove six trustees of ASPOA. According to Crews, the petition was invalid because it "was proffered by proxy, in clear violation of the requirements of ASPOA rules," and "[t]he suspect proxies violate Texas law." Crews alleged that, because ASPOA allowed the invalid petition to have legal effects, "Plaintiff's property rights and property interests as a member and property owner are now in jeopardy because all Defendants are pursuing an ultra vires method to conduct a special meeting to consider the removal of qualified and legally elected board members of ASPOA." Plaintiff requested that the trial court enter a declaratory judgment that: (1) petitions calling for special meetings cannot be called by proxy and must be called by a petition as set forth in the By-Laws and the Additional Dedicatory Instrument for ASPOA; (2) petitions must comport with the requirements of the Additional

_____

[1] Whatley is not a party to this appeal, and we discuss her herein only as necessary to our disposition.

2

Dedicatory Instrument for ASPOA; and (3) proxies submitted to ASPOA must be valid pursuant to section 22.160 of the Business Organizations Code in that the proxy must not be altered, must be executed by the member or the member's attorney-in-fact, and must accurately represent the date of execution.

Lewoczko, Fahrenthold, and Whatley ("the Homeowner Defendants") filed their Answer and Original Cross-Claim for Declaratory Relief, and ASPOA filed its Answer, Response to Plaintiff's First Amended Original Petition for Declaratory Judgment, Plea to the Jurisdiction and Motion to Dismiss. The Homeowner Defendants filed their Second Amended Original Cross-Claim for Declaratory Relief and Petition for Permanent Injunctive Relief, asking the trial court to, among other things, enter a declaration with respect to ASPOA homeowners' rights to vote by proxy to remove and elect ASPOA trustees.

The parties attended mediation and entered into a Mediated Settlement Agreement. On April 25, 2018, the parties filed their Rule 11 Regarding Settlement notifying the trial court that the matter was settled at mediation. On May 25, 2018, ASPOA filed its Motion for Entry of Judgment and Motion to Dismiss, notifying the trial court that the parties had settled the matter in mediation and requesting the trial court to dismiss all claims and enter judgment in accordance with the settlement agreement.

Four days later, the Homeowner Defendants filed their Objections and Response to ASPOA's Motion for Entry of Judgment and Motion to Dismiss. They argued that ASPOA had filed a motion asking the trial court to enter a partial agreed judgment between Plaintiff Crews and the Homeowner Defendants that did not include ASPOA that was without the Homeowner Defendants' consent, and that it would improperly dismiss with prejudice the Homeowner Defendants' counter or cross-claims against ASPOA. The Homeowner Defendants argued that "[t]he parties continue to perform certain obligations under their settlement agreement[,] and it would be premature to dismiss this case until all such matters are completed." According to the Homeowner Defendants, "the Motion for Entry is misleading and omits material developments in this matter in the weeks since the parties' April 18, 2018 mediation." The Homeowner Defendants argued that after they submitted a draft document "Agreed Final Judgment for Permanent Injunction" on April 23, 2018, their counsel sent an email to opposing counsel in May 2018 stating that the Homeowner Defendants did not consent to the filing of the document until "such time as the Master's duties are completed." According to the Homeowner Defendants, their counsel sent an email May 16, 2018 stating that "[o]nce all business under the agreed order is accomplished the parties can resume completion of the Mediated Settlement Agreement and file the pleading." The Homeowner Defendants explained that on May 15, 2018, the trial court entered an Agreed Order

4

Appointing Master in Chancery, requiring the parties and the Master to perform certain tasks relating to the 2018 ASPOA annual meeting. The Homeowner Defendants argued that the 2018 ASPOA annual meeting began May 19, 2018, and at the time the Homeowner Defendants filed their response to the Motion for Entry on May 29, 2018, ASPOA still had not performed the tasks required by the Agreed Order Appointing Master in Chancery. According to the Homeowner Defendants, they were "entitled to find out whether [ASPOA would] perform all acts required of it under both the Order and the parties' settlement agreement before dismissing with prejudice their causes of action against [ASPOA]." The Homeowner Defendants requested an oral hearing, requested that the trial court retain the matter on the docket and continue the current June 1, 2018 entry setting, and requested that the deadline for entry of judgment and dismissal of claims be reset in no less than thirty days so that the parties could ensure all obligations under the settlement agreement and the trial court's Agreed Order Appointing Master in Chancery had been completed.

ASPOA filed a Reply, arguing that the Homeowner Defendants' allegations that ASPOA had not completed its review of the ballots and proxies from its 2018 annual meeting were irrelevant to the issues in the lawsuit, all matters relevant to the lawsuit had been settled, and any "[p]otential" claims among the parties were "not grounds to keep a lawsuit active." On October 3, 2018, Whatley filed her Motion to Enforce Settlement Agreement by Entry of Final Judgment. On October 5, 2018,

Lewoczko and Fahrenthold filed their Third Amended Original Cross-Claim for Declaratory Relief and Petition for Permanent Injunctive Relief, requesting a declaratory judgment and asserting a claim for breach of contract alleging ASPOA materially breached the settlement agreement in the manner it conducted its annual homeowners' meeting. According to Lewoczko and Fahrenthold, ASPOA breached the settlement agreement by failing or refusing to allow all members of ASPOA to cast votes by proxy in the May 2018 election, by failing to send out the specific information required by the settlement agreement regarding the use of proxies, and by imposing rules regarding mailing proxies in direct contravention of the settlement agreement. Lewoczko and Fahrenthold asserted that the proxies were not authenticated at the meeting even after being validated by the Master and ASPOA "engaged in an authentication campaign that lasted over 2 weeks." Lewoczko and Fahrenthold filed a Response to Whatley's Motion to Enforce Settlement Agreement. Lewoczko and Fahrenthold argued that they did not object to Crews, ASPOA, and Whatley entering into whatever agreed judgments they choose but that Lewoczko and Fahrenthold did not consent to the entry of the agreed judgment and dismissal of their cross-claims without their consent, that Lewoczko and Fahrenthold revoked their consent at the time of rendition because ASPOA materially breached the settlement agreement, and that Lewoczko and Fahrenthold intended to litigate their claims against ASPOA for breaching the settlement agreement. ASPOA filed

a Joinder of Defendant Georgette Whatley's Motion to Enforce Settlement Agreement.

The trial court held a hearing on Whatley's Motion to Enforce Settlement Agreement by Entry of Final Judgment and ASPOA's Joinder to Defendants' Motion. On October 24, 2018, the trial court signed a Final Judgment ordering that, based on the mediated settlement filed on October 3, 2018, the parties agreed to the injunctive relief, the parties were prohibited from using proxies for petitions and for a call for a special meeting of ASPOA, the parties were prohibited from using any proxies that are not fully executed by a member of the ASPOA or a member's attorney-in-fact, and that all claims brought by Lewoczko, Fahrenthold, and Whatley were dismissed with prejudice. Lewoczko and Fahrenthold filed their request for findings of facts and conclusions of law and their notice of appeal. ASPOA filed its Opposition to Fahrenthold's and Lewoczko's request for findings of fact and conclusions of law, and Fahrenthold and Lewoczko filed their Notice of Past-Due Findings of Fact and Conclusions of Law. No findings of fact or conclusions of law were filed by the trial court.

## Issue on Appeal

On appeal, Appellants argue that the trial court erred in rendering judgment based on the settlement agreement when Appellants revoked their consent to the agreement and asserted cross-claims because ASPOA breached the agreement prior

7

to the trial court's judgment. According to Appellants, they repeatedly objected to the entry of an agreed judgment and notified the trial court that Appellants did not consent to the agreed judgment because Appellee breached the settlement agreement, and Appellants asserted that they were excused from performance under the settlement agreement, including the requirement that they dismiss the cross actions, as a result of ASPOA's breach. Appellants further argue that, even assuming there was no withdrawal of consent, the only method for enforcing a settlement agreement is summary judgment or trial.

Appellees argue that ASPOA did not breach the settlement agreement, that the settlement agreement is an enforceable contract, Appellants did not notify Appellees that they were revoking consent to the settlement agreement until after the entry of the judgment, that Appellants were not entitled to bring their Third Amended Cross-Claim after the parties had resolved all issues and settled all claims in the lawsuit, that Appellants did not withdraw their consent to the settlement agreement but instead no longer consented to the entry of an agreed judgment and then asserted a breach-of-settlement-agreement claim against ASPOA, and that Appellants' cross-claims do not relate to the lawsuit and are not barred from being asserted in a new lawsuit. Appellees also argue that because Appellants did not effectively withdraw their consent to the settlement agreement before the entry of judgment, the trial court was not required to hear any evidence as to the

8

enforceability of the settlement agreement or decide the issue as to the enforceability of the agreement. Appellees argue in the alternative that, even if Appellants withdrew their consent before judgment was rendered, ASPOA has submitted proper pleading and proof in support of its claim for enforcement of the agreement. According to Appellees, because Appellants had notice that Appellee was asserting a breach of contract claim against Appellants for withdrawing consent and Appellants presented no proof in opposition to entry of judgment, the trial court did not err in entering judgment in accordance with the settlement agreement because there was no issue of fact.

Standard of Review and Applicable Law

A trial court's decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review. *See Mantas v. Fifth Ct. of App.*, 925 S.W.2d 656, 659 (Tex. 1996); *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied). A trial court abuses its discretion if it renders a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1990). The appellant bears the burden to establish error in the trial court's judgment. *Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) (per

9

curiam); *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). A judgment rendered after one of the parties revokes its consent is void. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (citing *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982)); *see also Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951) (court cannot render a valid consent judgment unless, at the time of rendition, all parties consent to the agreement underlying the judgment).

## Analysis

The trial court indicated at the hearing on the motion to enforce that it was not entering an agreed or a consented judgment, and the parties here agree that the trial court's entry of judgment could not have been an agreed judgment and was a judgment to enforce the settlement agreement as an enforceable contract. As such, we believe the rationale in the case of *Davis v. Wickham*, 917 S.W.2d 414, 416-17 (Tex. App.—Houston [14th Dist.] 1996, no writ), relying on the Texas Supreme Court's opinion in *Padilla*, is applicable here:

> If the parties reach a settlement through alternative dispute resolution procedures and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a)[].

Under that section, "a party may enforce the agreement without the other party's consent under contract law." *Stevens v. Snyder*, 874 S.W.2d 241, 243 (Tex. App.—Dallas 1994, writ denied). . . .

. . . .

In *Padilla v. LaFrance*, 907 S.W.2d 454, 461-62 (Tex. 1995), the supreme court stated:

> Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract. . . .

> An action to enforce a settlement agreement, where consent is withdrawn, must be based on proper pleading and proof.

> Because a mediated settlement agreement is enforceable under contract law, the same procedures used to enforce and enter judgment on other contracts should apply to mediated settlement agreements. When the legislature enacted the alternative dispute resolution statute, it did not order the courts to follow a special procedure applicable only to mediated settlement agreements. It said only that a mediated settlement agreement is enforceable as any other contract. *Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ [denied]).

> The only methods existing under the rules of civil procedure to enforce a contract and obtain a judgment are: (1) summary judgment proceedings, if no fact issue exists; and (2) trial, jury or non-jury, if a fact issue exists. *See* Tex. R. Civ. P. 166a, 262-270, 295. A trial court may enter a judgment on a mediated settlement agreement where one of the parties contests his intent to be bound only by following one of these vehicles set out in the rules of civil procedure. *Martin*[], 909 S.W.2d at 196.

*See also In re BBX Operating, LLC*, No. 09-17-00079-CV, 2017 Tex. App. LEXIS 3526, at *3 (Tex. App.—Beaumont Apr. 20, 2017, orig. proceeding) (mem. op.)

11

(trial court abused its discretion by enforcing a settlement agreement involuntarily without a bench trial or jury trial or by summary judgment).

Appellees argue that *Padilla* is distinguishable because in the instant case Appellants did not withdraw their consent to the settlement but asserted a breach-of-settlement agreement while opposing enforcement of a portion of the agreement. We find this argument unpersuasive. Here, the non-jury hearing by the trial court was solely for the purpose of determining the merits of the motion to enforce the settlement agreement as a final judgment, and it did not seek to enforce a settlement agreement based on a motion for summary judgment or proper pleading and proof at trial. *See Padilla*, 907 S.W.2d at 462. Appellees had not filed motions for summary judgment against Appellants. The parties disputed whether Appellants were excused from performance under the settlement agreement because of ASPOA's breach, and at the time of the hearing, the Appellants had pending counterclaims against ASPOA for breach of contract. "Due process requires a full hearing before a court having jurisdiction, the opportunity to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based on the evidence." *In re Park Mem'l Condo Ass'n, Inc.*, 322 S.W.3d 447, 450 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). The trial court entered a judgment based on the parties' mediated settlement and dismissed all claims, including Appellants' cross-claims against ASPOA, with prejudice. Because the trial court did not employ one

12

of the authorized methods under the Texas Rules of Procedure to enforce the contract and obtain a judgment—a trial or by summary judgment—the trial court erred and abused its discretion. *See Padilla*, 907 S.W.2d at 461-62; *Davis*, 917 S.W.2d at 416-17; *see also In re BBX Operating*, 2017 Tex. App. LEXIS 3526, at *3. We sustain Appellants' issue. We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.[2]

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on May 21, 2020
Opinion Delivered November 5, 2020

Before Kreger, Horton and Johnson, JJ.

---

[2] Because our analysis resolves the issue on appeal, we need not discuss the parties' other arguments. *See* Tex. R. App. P. 47.1.